In the Matter of the Claim of LEONA WILSON, Respondent, *v.* C. DORFLINGER & SONS et al., Appellants.

**Workmen's Compensation Law** — claim for death of employee, engaged in non-hazardous business, caused by falling down an elevator shaft, not within the statute.

1. An employee injured in operating the elevator of his employers who are not engaged in a hazardous business is not entitled to compensation .under the provisions of section 41 of the Workmen's Compensation Law (Cons. Laws, ch. 67).

2. The manufacture of glass, glass products, glassware, porcelain or pottery is covered by group 20; but that group does not extend far enough to include the business of selling glassware, and an employee who is engaged in that business is not within its provisions.

*Matter of Wilson* v. *Dorflinger & Sons*, 170 App. Div. 119, reversed.

(Argued April 12, 1916; decided April 25, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 9, 1915, which affirmed an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Arthur Butler Graham* and *William Henry Woolley* for appellants. ' At the time of the accident the decedent was not engaged in any of the hazardous employments within the meaning and scope of the Workmen's Com-

pensation Law. (*State Board* v. *Gasau,* 195 N. Y. 197; *Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54; *People ex rel. Kinney* v. *White,* 64 App. Div. 390; *Lantry* v. *Mede,* 127 App. Div. 557.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The occupation of the deceased was a hazardous employment within the meaning of the Workmen's Compensation Law. (*Farmers' Nat. Bank* v. *Hanks,* 128 S. W. Rep. 147; *Griffen* v. *Manice,* 166 N. Y. 197.)

WILLARD BARTLETT, Ch. J. This claim grows out of the accidental death of William H. Wilson, the husband of the claimant, who was employed as a porter and shipping clerk by C. Dorflinger & Sons, who were engaged in the business of selling glassware in the city of New York. One of the incidental duties of Wilson was to operate an elevator on the premises of his employers when he had occasion to use the same. On September 30, 1914, being engaged in thus operating the elevator, he accidentally fell down the elevator shaft, and was so severely injured that he died on the same day as the result of the fall. The workmen's compensation commission has decided that his injuries arose out of and in the course of his employment, and the only question presented by this appeal is whether the case falls within the purview of the Workmen's Compensation Law (Chap. 816 of the Laws of 1913, as re-enacted and amended by chap. 41 of the Laws of 1914).

The Workmen's Compensation Law enumerates forty-two groups of hazardous employments, and provides that compensation thereunder shall be payable for injuries sustained or death incurred by employees engaged in any of these employments. If the employment in which the claimant's husband was engaged when he was accidentally killed by falling down the elevator shaft was one of

those thus enumerated in the statute there would be no question as to the right of his widow to recover compensation for his death. The finding of the commission, however, is that he was employed by a firm "engaged in the business of selling glassware," and this employment is not mentioned in any of the groups enumerated in the Workmen's Compensation Law. The manufacture of glass, glass products, glassware, porcelain or pottery is covered by group 20; but that group does not extend far enough to include the business of selling glassware. The Appellate Division concedes this and holds that the employee was not engaged in a hazardous business within the Workmen's Compensation Law unless the business falls within group 41 of the act, which embraces the operation "otherwise than on tracks, on streets, highways, or elsewhere of cars, trucks, wagons or other vehicles, and rollers and engines, propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses or mules."

It is only by construing the word "vehicle" in this group as broad enough to include an elevator that the present case may be brought within the scope and operation of the Workmen's Compensation Law. The Appellate Division pronounced the question a serious one, but reached the conclusion that an elevator fell fairly within the definition of a vehicle. "There seems to be no good reason," says the opinion, "why cars, trucks and wagons propelled in the manner mentioned in that group should be included and an elevator excluded." It may be observed, however, that the courts are not concerned with the wisdom of the legislation under consideration when they are engaged in construing a statute. Their only purpose is to ascertain the true meaning and intent of the law makers. If the legislature has not included the operation of elevators generally within the Workmen's Compensation Law, but has confined compensation for accidental injuries in elevators to such accidents as

occur in certain specified employments, the argument that it would have been wise to establish a broader liability is not available here.

The character of the Workmen's Compensation Law indicates that it was prepared with the utmost care and it is only fair to its authors to assume that nothing was inadvertently omitted therefrom. The mention of the "operation of grain elevators" in group 29 indicates that the operation of elevators generally must have been considered; yet we find no mention of elevators anywhere else in the statute unless, as held by the Appellate Division, it is included in the term "vehicles" as used in group 41. We agree with that learned court that the Workmen's Compensation Act must be liberally construed, but we think that the rule of *ejusdem generis* applies to group 41 and that the vehicles therein referred to are structures similar to those previously mentioned, that is to say, similar to cars, trucks or wagons operated on streets and highways. An elevator which runs up and down bears no similarity either in construction or method of operation to such vehicles. We think that a construction which brings such an elevator within the scope of group 41 is too far-fetched to be justified by any canon of statutory interpretation.

This conclusion does not by any means import that compensation for injuries due to elevator accidents is not recoverable under the Workmen's Compensation Law; all that we decide is that in order to be recoverable it must appear that the elevator was used in one of the employments classified by the act as hazardous. The business of selling glassware is not a hazardous employment under the act.

The order of the Appellate Division should be reversed, with costs, and the claim dismissed.

HISCOCK, COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ. concur.

Order reversed, etc.