In the Matter of MARTHA CHAPPELLE, Respondent, *v.* FOUR HUNDRED AND TWELVE BROADWAY COMPANY et al., Appellants.

**Workmen's Compensation Law — operating loft building not hazardous within statute.**

The business of owning and operating a loft building is not one of the hazardous employments embraced within the terms of the Workmen's Compensation Law.

*Matter of Chappelle* v. *Four Hundred & Twelve Broadway Co.*, 171 App. Div. 958, reversed.

(Argued April 12, 1916; decided April 25, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1915, affirming an award of the state workmen's compensation commission for the death of petitioner's husband, occasioned by being accidentally caught between the door of an elevator and the top of the car. He was employed by the appellants as an elevatorman and janitor. The question raised by the appellants is as to whether the occupation of the deceased is an occupation included within the terms of the Workmen's Compensation Law.

*John N. Carlisle* and *Alfred W. Andrews* for appellants.

*Egburt E. Woodbury,* Attorney-General (*E. C. Aiken* of counsel), for respondent.

*Per Curiam.* The only essential difference between this case and the *Wilson* case, decided herewith, is that the employee who was killéd .was in the service of a corporation owning and operating a loft building. The business of owning and operating a loft building is not one of the hazardous employments embraced within the terms of the Workmen's Compensation Law, and the order of the Appellate Division should be reversed, with costs, and the claim dismissed in this case for the reasons stated in *Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 84.)

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order reversed, etc.