Leo STEIN et al., Respts., v. FUERST BROS. & CO., Applt. (Supreme Court, Appellate Division, First Department. June 30, 1916.) Determination affirmed, with costs. No opinion. Order filed.

Albert E. STEINTHAL et al. v. Henry M. ZIEGLER. (Supreme Court, Appellate Division, First Department. June 30, 1916.) Application granted. Order signed.

In the matter of the claim of Signe E. STERLING, etc., respt., v. WESTERN UNION TELEGRAPH CO., employer, applt. (Supreme Court, Appellate Division, Third Department. May 18, 1916.) Award reversed, and matter remitted to the commission for further action, on the authority of Matter of Wilson v. C. Dorflinger & Sons, 112 N. E. 567, decided by the Court of Appeals April 25, 1916. All concur.

Nathan STERN, respondent, v. Josephine KROTT, appellant. (Supreme Court, Appellate Division, Second Department. June 23, 1916.) Application denied, with $10 costs.

Jacob STERN, Plaintiff-Respondent, v. Benjamin ROSENFELD, Defendant-Appellant. (Supreme Court, Appellate Term, First Department. June 26, 1916.) Appeal from Municipal Court, Borough of Manhattan, Second District. Judgment for plaintiff in the Municipal Court, and defendant appeals. Reversed, and new trial ordered.

BIJUR, J. Plaintiff sued to recover back a deposit of $150 made by him on account of the purchase price under an agreement whereby plaintiff agreed to purchase and defendant to sell a certain stock of goods. The receipt for the $150 given by defendant contained the sentence: "The stock is free and clear of all incumbrances." The contract provided: "The said store is to be delivered to the said Jacob Stern [plaintiff] free and clear of all debts, claims and incumbrances." It is difficult to understand the theory upon which plaintiff has been permitted to recover. He testified that when he called to obtain the balance of the stock, and "when I made out the receipt, he [defendant] refused to sign the receipt free and clear of all debts and broker's fees," etc.; and again: "I asked him to sign a receipt the way he ought to sign it, free and clear, that the merchandise in the store was free and clear." "He refused to sign it." Whereupon plaintiff refused to carry out his own agreement. Apparently also respondent relies on the fact that defendant had a number of creditors at the time of this sale, though just what bearing that has on the rights of the respective parties to the agreement is not clear. Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.

STERN BROS. v. Henrietta MICHAELS, etc., impld., etc. (Supreme Court, Appellate Division, First Department. May 26, 1916.) Motion to dismiss appeal denied. Order filed.

Elizabeth E. STEVENS v. S. Emilie SCHWEIZER. (Supreme Court, Appellate Division, First Department. June 9, 1916.) Application denied, with $10 costs. Order signed.

Adele L. STIEFEL, Applt., v. Benjamin W. STIEFEL, Respt. (Supreme Court, Appellate Division, First Department. May 26, 1916.) Order affirmed, without costs. No opinion. Order filed.

Lillian STIMEL v. Alfred FANTL. (Supreme Court, Appellate Division, First Department. June 9, 1916.) Motion to dismiss appeal granted, with $10 costs. Order filed.

James F. STOCKING v. SEED, FILTER & MFG. CO., Inc. (Supreme Court, Appellate Division, First Department. June 30, 1916.) Application granted. Order signed.

Louis L. STONE, applt., v. Eugene M. McMILLAN, respt. (Supreme Court, Appellate Division, Fourth Department. May 26, 1916.) Judgment and order affirmed with costs. All concur.

Orpha STONE, Respt., v. WILLIAM M. EISEN CO., Applt. (Supreme Court, Appellate Division, First Department. May 26, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Scott, J., dissenting. Order filed.

Orpha STONE v. WILLIAM M. EISEN CO. (Supreme Court, Appellate Division, First Department. June 9, 1916.) Motion granted; question certified. Order filed.

Bernard STOPPICK, an infant, by his guardian ad litem, respondent, v. David GOLDSTEIN et al., appellants. (Supreme Court, Appellate Division, Second Department. June 2, 1916.) Motion to dismiss appeal denied, upon condition that appellants perfect the appeal, place the case at the foot of the June calendar, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

Mary STOYANOVICH, Respondent, v. EBLING REALTY CO., Appellant. (Supreme Court, Appellate Division, First Department. May 26, 1916.) Appeal from Trial Term, New York County. Judgment for plaintiff, and defendant appeals. Reversed.

PER CURIAM. We are of opinion that the findings of the jury that the plaintiff was free from contributory negligence and that the defendant was negligent are against the weight of the evidence. The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to appellant to abide the event.

DOWLING, J., dissents, and votes for affirmance.

Thomas E. STUBBS, plff., v. The CITY OF ROCHESTER, deft. (Supreme Court, Appellate Division, Fourth Department. June 15, 1916.) Plaintiff's exceptions overruled, motion for new trial denied, with costs, and judgment.