In the Matter of the Claim of JOHN F. BENTON, Respond-
ent, against GEORGE H. FRASER et al., Appellants.
STATE INDUSTRIAL COMMISSION, Respondent.

Workmen's Compensation Law — a salesman of machinery also
engaged in inspecting machinery manufactured by his employer
is engaged in a hazardous employment within the meaning of the
law and entitled to compensation if injured in such work.

The manufacture of machinery is by the express language of the
Workmen's Compensation Act declared to be a hazardous employ-
ment, and an employee of a person engaged in such manufacture
whose duty it is to inspect the machinery which he has sold and
who customarily does so after it is put in place at the different plants
where it has been installed, is engaged in the hazardous employment
of his master. (*Matter of Wilson* v. *Dorflinger & Sons*, 218 N. Y.
84, distinguished.)

*Matter of Benton* v. *Fraser*, 172 App. Div. 913, affirmed.

(Argued October 11, 1916; decided October 31, 1916.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the third judicial
department, entered January 18, 1916, which affirmed
an award of the State Industrial Commission under the
Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*John N. Carlisle* and *Alfred W. Andrews* for appel-
lants. Claimant is not entitled to compensation as he
was not engaged in a hazardous employment. (*Matter
of Wilson* v. *Dorflinger & Sons*, 218 N. Y. 87.) The
claimant was not engaged in hazardous work at the time
of the accident. (*Matter of Jensen* v. *Southern Pacific
Co.*, 215 N. Y. 514; *Matter of Bargey* v. *Massaro Maca-
roni Co.*, 218 N. Y. 412; *Matter of Wilson* v. *Dorflinger &
Sons*, 218 N. Y. 84; *Newman* v. *Newman*, 218 N. Y.
325.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for respondent. The employer was engaged in a hazardous employment, namely, that of manufacturing machinery. (*Larsen* v. *Paine Drug Co.*, 218 N. Y. 252.)

WILLARD BARTLETT, Ch. J. The respondent, when injured, was employed as a salesman by George H. Fraser of Brooklyn, who was there engaged in the business of manufacturing and selling machinery. Such is the finding of the state industrial commission. The term "salesman," however, is not accurately descriptive of the whole of his duties, for the commission has found further that "as a salesman his duties were to inspect the machinery at the plant. * * * It was customary for him, while going the rounds of the different manufacturing plants soliciting orders to inspect the machinery already installed and listen to any complaints or suggestions which might be made by the persons who were using machinery which had been bought from George H. Fraser, his employer." In other words, he was an inspector as well as a seller of machinery.

The manufacture of machinery is classified as a hazardous employment under group 21 in the Workmen's Compensation Law. It may well be that a salesman employed by a manufacturer of machinery simply and solely to sell his products, and who never had anything to do with the machinery in operation or the process of manufacture, would not be entitled to the benefits of the act; but when such an employee performs functions which bring him into direct contact with the machinery itself, even when in operation, he may be as much exposed to danger as any workman, and I think his case falls within the letter and spirit of the statute.

The respondent was sent by his employer to the plant of the Atlas Portland Cement Company (to which he had sold some machinery) at Northampton, Pa., "and

while he was present at a demonstration of the operation of that machinery," a piece of it fell upon his foot and occasioned injuries which required the amputation of a portion of the great toe.   The state industrial commission has awarded him compensation at the rate of $15 a week for thirty-eight weeks, on the ground · that this injury arose out of and in the course of his employment. We are asked to reverse this award because (1) the respondent was not engaged in a hazardous employment; and (2) because he was not engaged in any hazardous work at the time of the accident.

I think neither of these objections to the decision of the commission is well taken.   The manufacture of machinery is declared to be a hazardous employment by the express language of the Workmen's Compensation Act itself; and an employee of a person engaged in such manufacture whose duty it is to inspect the machinery which he has sold and who customarily does so after it is put in place at the different plants where it has been installed, is engaged in the hazardous employment of his master.   That the work actually was hazardous in the present instance would seem to be sufficiently indicated by the occurrence of the accident.

Our attention is called to *Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 84), in which it was held that the business of selling glassware, carried on by the firm against which the claim was made, was not included in group 20 of the Workmen's Compensation Law, which covers the manufacture of glass, glass products, glassware, porcelain and pottery.   That case, however, involved no such question as that presented here, which is whether a salesman employed by a manufacturer of machinery whose duties require him to inspect it generally and who does inspect it after it is set up and in operation, may not be regarded as employed in the manufacture of machinery, one of the employments pronounced hazardous by the statute.   In the *Wilson* case, the sell-

ing of glassware was an independent business, wholly separated from the manufacture of the product.

I advise the affirmance of the order appealed from, with costs.

HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur.

Order affirmed.