Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of ABRAHAM HOLTZ, for Compensation to Himself under the Workmen's Compensation Law, v. GREENHUT & Co., Employer, and CASUALTY COMPANY OF AMERICA, Insurance Carrier.

Third Department, December 28, 1916.

Workmen's Compensation Law — death of person employed in retail department store — injury while loading barrel upon hand truck — former statute construed.

A person employed in a retail department store at a time when such business was not classified as a hazardous employment and engaged in loading merchandise on hand trucks in the basement of the establishment was not engaged in a hazardous employment under group 41 which relates to the operation of vehicles not running on tracks and propelled by power or drawn by animals. Hence, where a nail in the bottom of a barrel which he was placing on a truck pierced his finger, resulting in blood poisoning, he is not entitled to an award under the Workmen's Compensation Law.

Said group 41, as it existed prior to the amendment made by chapter 622 of the Laws of 1916, did not relate to the operation of hand-drawn vehicles not running upon tracks.

CERTIFICATION by the State Industrial Commission to the Appellate Division, Third Department, of a question pursuant to section 23 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622).

*Lyman A. Spalding* [*Theodore H. Lord* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General* of counsel, and *Robert W. Bonynge*], counsel for the State Industrial Commission.

LYON, J.:

The question certified to this court by the State Industrial Commission is "Was the said Abraham Holtz at the time he received the said accidental personal injuries engaged in a hazardous employment within the meaning of the Workmen's Compensation Law."

Claimant's employer was engaged in operating a retail department store in the city of New York. This business was not then classified as a hazardous employment. Claimant was employed as a delivery helper. Among his duties was loading goods on a truck and drawing the truck by hand to the place in the basement where it was to be unloaded. In January, 1916, while lifting a barrel for the purpose of putting it upon a truck and moving it to another part of the store, a nail in the bottom of the barrel pierced one of his fingers. The wound becoming infected caused the disability for which he makes claim for compensation. The claimant although a mere helper was engaged while loading the truck in the operation of the truck. (*Matter of Costello* v. *Taylor*, 217 N. Y. 179; *Matter of Dale* v. *Saunders Bros.*, 218 id. 59; 171 App. Div. 528; *Matter of Smith* v. *Price*, 168 id. 421; *Matter of Hendricks* v. *Seeman Bros.*, 170 id. 133.) His injuries, therefore, arose out of and in the course of his employment.

Concededly, the only group in which claimant could be considered as being included was group 41, which at the time of

the happening of the accident, read as follows: "The opera-
tion, otherwise than on tracks, on streets, highways, or else-
where of cars, trucks, wagons or other vehicles, and rollers and
engines, propelled by steam, gas, gasoline, electric, mechanical
or other power or drawn by horses or mules." In the case of
*Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 84) it was
held that an elevator was not included in the term "vehicles"
as used in group 41, and that while the Workmen's Compensa-
tion Law must be liberally construed, the rule of *ejusdem
generis* applied to the group, and the vehicles referred to must
be construed as referring to cars, trucks or wagons operated
on streets and highways. The association of the word "trucks"
with the words "cars" and "wagons" indicates that it was
intended to cover vehicles of similar use. The sentence as a
whole indicates that the trucks, wagons and other vehicles
intended to be included were those only which were power pro-
pelled, and not operated on tracks, and also those drawn by
horses or mules.

In order that the truck in question may be considered as
being embraced in group 41, it must be held that the words
"propelled by  *  *  *  *other* power" include a truck drawn
by hand and operated inside a building. The application of
the rule of *ejusdem generis* to the group, precludes such a con-
struction, and requires the holding that the expression "other
power" applies to trucks propelled by steam, gas, gasoline,
electric, mechanical or other power of like character. Under
the construction contended for by claimant, an accidental
injury sustained in a non-hazardous employment while pushing
a wheelbarrow could be held to be included in the group. The
addition, by the amendment of 1916 (Chap. 622), to the haz-
ardous employments theretofore specified in group 41, of "pub-
lic garages, livery, boarding or sales stables; movers of all
kinds," tends to indicate that the proper construction of the
language of the group is as before stated.

We conclude, therefore, that the question certified to us
should be answered in the negative.

All concurred.

Question certified answered in the negative.