Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HARVEY C. BALCOM, Respondent, for Compensation under the Workmen's Compensation Law, against ELLINTUCH & YARFITZ, Employers, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, September 13, 1917.

Workmen's Compensation Law — moving picture machine not electrical appliance, although operated by electric motor — injury to operator not caused by motor but by machine — when award not justified — question as to whether employment is hazardous rests with Legislature.

A moving picture machine is not an " appliance " within the meaning of that term as used in group 12 of section 2 of the Workmen's Compensation Law relating to the construction, installation, repair or operation of electric light and electric power lines, dynamos or appliances. This is true, although the picture machine is driven by an electric motor.

It seems, however, that if the operator had been injured by the electric motor which operated the machine, a different question would be presented.

An employment cannot be treated as hazardous unless the law fairly construed declares it to be such. The court cannot give the statute a strained construction for the purpose of bringing within it an employment not intended by the Legislature to be embraced in it.

APPEAL by the defendants, Ellintuch & Yarfitz and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 28th day of September, 1916.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The single question presented by this appeal is whether the State Industrial Commission was in error in holding

that a moving picture machine was an " appliance " within the meaning of the term "appliances" as used in group 12 of section 2 of the Workmen's Compensation Law which provided as a hazardous employment the " construction, installation, repair or operation of electric light and electric power lines, dynamos, or *appliances,* and power transmission lines."

The facts are undisputed. The claimant at the time of sustaining the injury was a licensed operator of an automatic moving picture machine, the motive power of which was electricity to the extent of one-eighth of one horse power. The Commission has found as a conclusion of fact that while the claimant " was engaged in operating the said electrical appliance, his right hand was struck by a projecting shaft, thereby causing bruises of the terminal phalange of the thumb of that hand in which developed an abscess by reason of which he was disabled from working   *   *   *   fourteen and one-half weeks." The claimant testified that something happened in the bottom magazine which drove his thumb against " the drive machine;" also, that the crank shaft, on the head of which was the lower magazine, projected beyond the machine, and that as he went to open the lower magazine he struck his right thumb against the crank shaft thereby sustaining bruises from which an abscess of the bone developed.

No claim is made that operating a moving picture machine was of itself one of the specified hazardous employments, but the award appealed from has been made upon the theory that a moving picture machine was an " appliance " within the language of group 12 before quoted. In this we think the Commission was in error. While the word " appliances " is a general term, it may be limited with respect of the subject-matter in relation to which it is used. (*People* v. *Richards,* 108 N. Y. 137, 148.) The word is used in group 12 in connection with the repair or operation of electric light and electric power lines, dynamos and power transmission lines. Plainly the application of the rule of *ejusdem generis* precludes the construction claimed by the respondent. The word " appliances " must be considered as limited by the words with which it is associated. (*Holtz* v. *Greenhut & Co,* 175 App. Div. 878; *Pardy* v. *Boomhower Grocery Co.,* 178 id. 347; 164 N. Y. Supp. 775.) The motor which applied the current to

the moving picture machine might properly be called an appliance within the meaning of group 12, and had the claimant been injured while operating the motor a very different question would be presented.   It can hardly be said, however, that the machine to which the electricity was applied, simply resulting in the machine being put in motion, was itself an appliance within group 12.   The operation of the machine by electricity or the presence of electricity had nothing whatever to do with causing the injury to claimant.   The injury would have been sustained had the machine been operated by means of water or any other motive power.   The only connection between the electric power and claimant's injury was that electric power operated the machine upon coming in contact with which the claimant was injured.   As well might it be claimed that a person struck by the revolving crank of a washing machine, the operating power of which was electricity, was injured by an electrical appliance.   Cars and machinery of all kinds are operated by electricity, yet it cannot be said that such mere consumers of electric current are in themselves electrical appliances.

An employment cannot be treated as hazardous unless the law, fairly construed, declares it to be such.   We cannot give the act a strained construction for the purpose of bringing within it an employment not intended by the Legislature to be embraced within it.   (*Matter of Tomassi* v. *Christensen*, 171 App. Div. 284.)   It is not for us to speculate whether every employee injured through the operation of a power machine should be entitled to receive compensation under the Workmen's Compensation Law.   As was said in *Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 84): " It may be observed, however, that the courts are not concerned with the wisdom of the legislation under consideration when they are engaged in construing a statute.   Their only purpose is to ascertain the true meaning and intent of the lawmakers."

The award should be reversed, and the claim dismissed.

All concurred.

Award reversed, and claim dismissed.