Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES BERG, Respondent, for Compensation under the Workmen's Compensation Law, against HETZLER BROS., Employers, and THE STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Appellants.

Third Department, September 13, 1917.

**Workmen's Compensation Law — injury while operating snow scraper which was also used as sled to remove snow — said implement is " vehicle " within meaning of former statute.**

An implement drawn by a horse and used to scrape snow from ice intended to be harvested and which also when loaded is turned over and used as a sled to carry the snow to the place where it is to be dumped is a " vehicle " within the meaning of group 41 of section 2 of the Workmen's Compensation Law as it stood prior to the amendment of 1916.

Hence, the driver of such vehicle who received a spinal strain resulting in paralysis while endeavoring to turn the implement over to be used as a sled is entitled to compensation under the former statute.

The present statute includes " movers of all kinds."

COCHRANE, J., dissented, with opinion.

APPEAL by the defendants, Hetzler Bros. and another, from six separate awards of the State Industrial Commission in favor of the claimant, entered in the office of said Commission prior to December 11, 1916.

*Neile F. Towner* for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

In March, 1916, the claimant while engaged in removing snow from an ice field sustained a compression or laceration of the spinal cord resulting in paralysis of both legs. The single question presented by this appeal is whether the implement used by him in his work was a " vehicle " within the meaning of group 41 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap.

41), which at the time the claimant was injured named as a hazardous employment " The operation, otherwise than on tracks, on streets, highways, or elsewhere of cars, trucks, wagons or other vehicles, and rollers and engines, propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses or mules." The implement is designated in the evidence as a scraper, conveyor or snow carrier. It was about six feet in length and four and one-half feet in width, and was used to roughly remove the snow from the field of ice to the land, being followed by the machine scraper which cut off the rough places, cleaned the ice and prepared it for marking, cutting and harvesting. In construction the implement was very similar to the body of the pole scraper in common use. It was drawn by a horse driven by the claimant who walked behind it holding and guiding it by the two handles attached thereto. As soon as it had been filled, which in the deep snow on this occasion occurred when it had been drawn but little more than its length, it was tipped down, thus retaining the snow with which it was loaded, and as the Commission finds it was then used as a sled to carry the snow to the place where it was to be dumped. The dumping place was on the land often fifty or sixty feet, and at times much farther, from the place where the last collection of snow had been made. The carrying of snow by the scraper was across ice which had been cleared of snow. An earlier method of removing the snow had been to shovel it into wagons and draw it to the dumping place. Upon the implement being dumped, it evidently rested upon projections or runners upon its face, and was thus drawn back to the place where it was to be reloaded. At the time the claimant was injured the scraper or conveyor was filled with wet snow or slush. As the claimant was raising the handles for the purpose of tipping it up and dumping the snow, the weight proved too heavy for him and he sustained the injuries before stated.

In May, 1916, the State Industrial Commission disallowed the claim as not being within the act. The Commission later reconsidered its action and made the six several awards of compensation appealed from.

A vehicle is defined: " 1. Any carriage moving on land, either on wheels or on runners; a conveyance. 2. That which

is used as an instrument of conveyance, transmission or communication." (Century Dict.; *Davis* v. *Petrinovich*, 112 Ala. 656.) " That in which anything is carried; a carriage; a conveyance." (Worcester's Dict.) " 1. That in or on which any person or thing is, or may be carried, as a coach, carriage, wagon, cart, car, sleigh, bicycle, etc.; a means of conveyance; specifically a means of conveyance upon land. 2. That which is used as the instrument of conveyance or communication; as, matter is the vehicle of energy." (Webster's Dict.) " The word ' vehicle ' includes every description of carriage or other artificial contrivance used, or capable of being used, as a means of transportation on land." (U. S. R. S. § 4.) " The word ' vehicle ' * * * shall be deemed to include wagons * * * sleighs or other conveyances for persons or property." (New York City Charter; *Fifth Avenue Coach Co.* v. *City of New York*, 194 N. Y. 19.) The term " vehicle " includes a threshing machine and separator. (*Heib* v. *Town of Big Flats*, 66 App. Div. 88.) A covered sleigh drawn by horses and used for carrying passengers and property is a vehicle. (*Marselis* v. *Seaman*, 21 Barb. 319, 323.)

The appellant has cited as sustaining his contention the cases of *Holtz* v. *Greenhut & Co.* (175 App. Div. 878) and *Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 84). In the former case we held that a truck operated by hand should be excluded from the effect of group 41 for the reason that the language of the group indicated that the vehicles intended to be included were those only which were power propelled including those drawn by horses and mules. In the latter case the decision was placed upon the ground that the rule of *ejusdem generis* must be held to apply to group 41; and that as an elevator which ran up and down bore no similarity either in construction or in method of operation to the vehicles mentioned in group 41, it must be held not to be included within that group. In the case at bar the implement in question was not only similarly operated, being power propelled, and for the same purposes, but its operation was attended by like dangers as the operation of trucks and sleds. It collected its load in the same manner as the ordinary wheel scraper but conveyed it by being drawn as a sled rather than as a truck.

We think the implement must be held to have been a vehicle and as such embraced in the language of group 41, " other vehicles  *  *  *  drawn by horses or mules." The act of unloading it was an incident of its operation, and hence if a vehicle, an injury sustained thereby was within the Workmen's Compensation Law. It may be noticed that doubt in the future as to the proper construction of the provisions of group 41 in the respect here considered has been removed by the amendment of 1916 (Chap. 622) which has added the words: " Movers of all kinds."

The awards should be affirmed.

All concurred, except COCHRANE, J., who dissented, with opinion.

COCHRANE, J. (dissenting):

In no just or proper sense can the implement in question be considered a " vehicle " within the meaning of group 41 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). Its primary and only purpose was to remove the loose snow from the surface of the ice preparatory to harvesting the ice. Conveying the snow to a convenient place of deposit was merely an incident of the work. Besides the claimant was not injured during this process of conveying the snow. As well might it be held that the ordinary road scraper is a vehicle within the meaning of the act. That and other devices which might be mentioned and in common use by farmers, manufacturers and others, are merely implements for the accomplishment of some special or particular kind of work and are not vehicles either in the ordinary sense of the term or as that term is used in the statute. In *Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 84) the court, in holding that an ordinary elevator in a building was not within the statute, said: " We think that the rule of *ejusdem generis* applies to group 41 and that the vehicles therein referred to are structures similar to those previously mentioned, that is to say, similar to cars, trucks or wagons operated on streets and highways," and that the contention that such an elevator was within the scope of group 41 was " too far-fetched to be justified by any canon of statutory interpretation." It seems to me that there is certainly as much difficulty in including

a snow scraper within group 41 as it read before the amendment of 1916 (Chap. 622), as there was in including an elevator within that group, and that the reasoning which excludes the elevator must necessarily exclude the snow scraper or other similar device.

Awards affirmed.