Before State Industrial Commission, Respondent.

In the Matter of the Claim of William C. Vincent, Respondent, for Compensation under the Workmen's Compensation Law, v. Taylor Bros., Employer, and London Guarantee and Accident Company, Limited, Insurance Carrier, Appellants.

Third Department, December 28, 1917.

Workmen's Compensation Law — injury to claimant while feeding bundles of grain into combined thresher and cleaner — " milling " — operating " vehicle "— farm laborer — claim returned for further hearing.

A combined thresher and cleaner drawn from place to place by horses is not a " vehicle," within the meaning of group 41 of section 2 of the Workmen's Compensation Law, after the horses have been detached and it is being operated as a stationary machine.

A person, whose sole duty to his employers is the feeding of bundles of rye into a combined thresher and cleaner, is not a farm laborer, within the meaning of subdivision 4 of section 3 of the statute.

Nor is such a person employed in " milling," within the meaning of group 29 of section 2, where his employer's interest and conduct of a milling business is confined solely to the operation of the thresher and cleaner.

In view of the uncertainty as to the record containing all the evidence upon which the Commission acted, and owing to the lack of evidence as to the claimant being engaged in a business incidental to or connected with milling, and also in view of the serious nature of the claimant's injury, he having suffered the loss of his right hand, the award should be reversed and the claim returned to the Commission for further hearing and finding.

Woodward, J., dissented.

Appeal by the defendants, Taylor Bros. and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 15th day of May, 1917.

*William Butler,* for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

LYON, J.:

In September, 1916, the claimant suffered the loss of his right hand while engaged in feeding bundles of rye into a combined thresher and cleaner. This machine was operated by an oil engine connected with it by means of a belt, and the threshing was done at a certain price per bushel and the board of the helpers.

The award was based upon the employers being engaged in the business of milling, and likewise in the operation of a vehicle in connection with the business of threshing rye and other grain with a machine mounted on axles and wheels and drawn from farm to farm where the work was done. So far as appears the sole duty of the claimant to his employers was feeding the grain-bearing bundles into the machine.

The award is challenged by the employers and the insurance carrier upon the ground that the employment of the claimant was neither that of milling, within the meaning of that term as used in group 29, nor that of operating a vehicle under group 41, of the Workmen's Compensation Law. The machine was drawn to the farm by horses where the accident occurred the day preceding the injury. While being so drawn it was a vehicle. (*White* v. *Loades*, 178 App. Div. 236.) We think, however, that it cannot be considered a vehicle after the horses had been detached and it was being operated as a stationary machine. (*Matter of Wilson* v. *Dorflinger & Sons*, 218 N. Y. 84; *Holtz* v. *Greenhut & Co.*, 175 App. Div. 878.)

The appellants' contention, that the claimant while feeding bundles into the machine was a farm laborer and hence not entitled to compensation, cannot be sustained. (*White* v. *Loades, supra.*) It is not claimed that the claimant had anything to do with carrying on the farm where the accident occurred.

As to the claimant being employed in milling, the only evidence of that fact is to be found in the employers' first report of injury in which the question " business (goods produced, work done or kind of trade or transportation) " was answered " milling business." Apparently, in making that answer the appellants treated operating the thresher and cleaner as being engaged in the milling business. There is nothing whatever in the evidence indicating that the

employers were in fact millers or that they had any interest whatever in the grain or in threshing it beyond merely separating it from the straw at a certain price per bushel. If such were the conceded fact the award should be reversed and the claim dismissed. However, the stipulation settling the case simply recites that " the foregoing case contains all the *material* evidence given upon the hearing." Whether facts may have been disclosed by the investigation of the Commission which do not appear in the record but which influenced the Deputy Commissioner before whom the proofs were heard to make the award, for instance that the employers were in fact engaged in the milling business and that the threshing was incidental to their acquiring the grain for such business, does not appear, nor has the Commission so found. In view of the uncertainty as to the record containing all the evidence upon which the Commission acted which in our view of the case might be material, and owing to the lack of evidence as to the claimant being engaged in a business incidental to or connected with milling, and also in view of the serious nature of the claimant's injury, we think the award should be reversed and the claim sent back to the Commission for further hearing and finding. However, should the claimant elect to stipulate that the employers' alleged interest and conduct of the milling business was confined solely to the operation of the thresher and cleaner, the award should be reversed and the claim dismissed; otherwise the claim should be remitted to the Commission for its further action.

All concurred, except WOODWARD, J., dissenting.

Award reversed and matter remitted to Commission subject to the right to stipulate as per opinion.