Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EFFIE D. PARDY, Respondent, for Compensation to Herself and Children under the Workmen's Compensation Law for the Death of Her Husband, PERKINS PARDY, *v.* BOOMHOWER GROCERY COMPANY, Employer, and COAL MERCHANTS MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 2, 1917.

Workmen's Compensation Law — hazardous employment — manufacture of butter — group 33 of section 2 of Workmen's Compensation Law construed.

The manufacture of butter is not a hazardous employment within the meaning of group 33 of section 2 of the Workmen's Compensation Law, which provides that hazardous employments shall include the following: " Canning or preparation of fruit, vegetables, fish or food stuffs; pickle factories and sugar refineries."

Hence, compensation cannot be allowed under said provision for the death of an employee of a grocery company resulting from blood poisoning caused by an injury to his hand while packing butter in tubs.

APPEAL by Boomhower Grocery Company and another from an award of the State Industrial Commission, made on the 22d day of November, 1916, affirming a prior award made on the 13th day of June, 1916.

*Clement & Lee [H. Walter Lee* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

COCHRANE, J.:

The employer was engaged in a general grocery business and also in the operation of a butter factory. On October 29, 1915, the employee while packing butter in tubs was revolving a tub in the performance of his work and a splinter from one of the hoops of the tub penetrated the palm of his hand and the wound thereby occasioned becoming infected, blood poisoning resulted which caused his death. An award has been made to his widow and children. The only group under section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) which is suggested as including this claim is group 33, which at the time of the accident was as follows: " Canning or preparation of fruit, vegetables, fish or food stuffs; pickle factories and sugar refineries." For several reasons we are persuaded that the claim is not within this group.

*First.* The expression " food stuffs " as used in group 33 evidently means food which may be subjected to " canning " or similar " preparation." Clearly group 33 does not include all kinds of food because if it did the statute would not specifically provide in group 29 for " cereals " or in group 30 for " meats or meat products," or in group 34 for " crackers and biscuits." Such a construction must be given to the statute if possible as will render every part thereof useful or purposeful, and if butter is included in group 33, there is no reason why the cereals of group 29, or the meat preparation of group 30, or the crackers and biscuits of group 34, should not likewise be included in group 33, and the provisions in

respect to those articles in the other groups mentioned would be useless.

*Second.* In the various groups of section 2, a clear and well-defined distinction is made between the use of the term "manufacture" and the term "preparation." Butter is an article which is more naturally and properly classified with those that are manufactured. In common parlance the house-wife does not prepare but "makes" butter. The producer and consumer alike speak of butter as an article made or manufactured rather than as something which is prepared as by canning or other similar process. It is brought into existence by a mechanical process. Not only in common parlance but by legislative recognition is it a manufactured product. Section 30 of the Agricultural Law (Consol. Laws, chap. 1 [Laws of 1909, chap. 9], as amd. by Laws of 1913, chap. 455) contains the following definition: "The term 'butter' when used in this article means the product of the dairy, usually known by that term, which is manufactured exclusively from pure, unadulterated milk or cream or both with or without salt or coloring matter." Group 29 of section 2 of the Workmen's Compensation Law speaks of the manufacture of cereals. Group 30 of the manufacture or preparation (meaning apparently similar preparation) of meats, and group 34 of the manufacture of crackers and biscuits; and by clear analogy butter if intended to be within the act would likewise be designated as a manufactured article and would not be included in a group, the dominating idea of which is not the process of manufacturing but the process of "canning" or some "preparation" which evidently means some preparation akin or similar to canning which merely modifies the form but does not destroy the identity of the articles to which the canning process or other similar preparation applies. In the amendment to group 33 hereafter mentioned the Legislature says "manufacture of dairy products." (Laws of 1916, chap. 622.) Group 33 as it was before the amendment had reference to the canning or similar preparation of food which subjects it to some change without bringing into existence a new product. Butter is a newly formed product to which the idea of canning or any similar preparation is quite inapplicable. The word "preparation" as used in group 30 and

group 33 is subject to the well-known canon of construction that " words, however general, may be limited with respect to the subject-matter in relation to which they are used." (*People* v. *Richards*, 108 N. Y. 137, 150.)

*Third.* Butter making is one of the great industries of the State. It would seem that had the Legislature intended to include it as a hazardous employment it would not have left the matter to conjecture or argument. In *Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 84) it was said by Chief Judge BARTLETT: " The character of the Workmen's Compensation Law indicates that it was prepared with the utmost care and it is only fair to its authors to assume that nothing was inadvertently omitted therefrom." Since the accident, group 33 has been amended by adding thereto the words " manufacture of dairy products " which clearly includes the manufacture of butter. And this amendment indicates that in the view of the Legislature the manufacture of butter or other dairy products had not previously been made a hazardous employment. Otherwise there was no necessity for the amendment. The award should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.