UNITED STATES, Appellee

v

EDWARD L. AUTREY, Ship's Serviceman Seaman,
U. S. Navy, Appellant

12 USCMA 252, 30 CMR 252

No. 14,503

Decided March 24, 1961

*Lieutenant Colonel M. G. Truesdale*, USMC, and *Lieutenant Leo F. O'Brien*, USN, were on the brief for Appellant, Accused.

*Major Ted H. Collins*, USMC, and *Lieutenant Martin Drobac*, USNR, were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by special court-martial, the accused pleaded guilty to a charge of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, breach of restriction, in violation of Code, supra. Article 134, 10 USC § 934, and to the

252

lesser included offense of wrongful appropriation involved in a charge of larceny, in violation of Code, supra, Article 121, 10 USC § 921. The prosecution and defense elected to offer no evidence with respect to the offenses alleged, and the court-martial found the accused guilty in accordance with his plea. He was sentenced to bad-conduct discharge, confinement at hard labor for four months, forfeiture of $70.00 per month for four months, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The supervisory authority found that the president erred in failing to instruct the court members upon the multiplicious aspects of the charges of unauthorized absence and breach of restriction. To cure the omission, he reassessed the penalty and reduced the duration of the confinement and forfeitures to a period of three months. The board of review concluded that the specification purporting to charge an absence without leave did not state an offense. Hence, it ordered that charge dismissed and approved only so much of the sentence as provided for bad-conduct discharge, reduction, confinement for two months, and forfeiture of $70.00 per month for two months. We granted accused's petition for review on the issue whether the larceny count, upon which findings of guilty of wrongful appropriation were based, stated an offense.

The specification in question, as modified by the court-martial's findings, alleges:

"In that Edward L. Autrey, ship's serviceman seaman, then ship's serviceman third class, U. S. Navy, U.S.S. Oriskany, did, on board the said ship, from about 1 January 1960 to about 31 March 1960, *wrongfully appropriate,* lawful money and/or property of a value of about $755.51, the property of the United States." [Emphasis supplied.]

Generally speaking, whether a specification sets forth an offense depends upon a determination that the facts, as alleged, are stated with sufficient particularity to apprise the accused of the crime against which he must defend and whether the record enables him to avoid a second prosecution for the same offense. United States v Karl, 3 USCMA 427, 12 CMR 183; United States v Sell, 3 USCMA 202, 11 CMR 202. With this standard in mind, we turn to the specification and record before us. Immediately, we find that the only description of the subject matter of accused's alleged misappropriation is that it was "money and/or property" of a stated value.

It is settled law that an offense may not be charged in the conjunctive or the disjunctive. Manual for Courts-Martial, United States, 1951, paragraph 28*b*; United States v Clarke, 20 Wall 92 (U. S., 1874) ; Poffenbarger v United States, 20 F2d 42 (CA 8th Cir) (1927) ; Heflin v United States, 223 F2d 371 (CA 5th Cir) (1955). In such instances, the charge is void for lack of certainty. We, however, are confronted with a slightly different situation. Here, the specifications followed the commonly accepted form for alleging either larceny or wrongful appropriation, and the uncertainty of its averments lies solely in the description of the *res* allegedly taken by the accused. The question which must be determined, therefore, is whether a charge that accused wrongfully appropriated "money and/or property" is sufficient.

Property which has been alleged to have been wrongfully taken must be described in an indictment or other complaint with reasonable certainty. United States v Cruikshank, 92 US 542, 23 L ed 588 (1876). In that case, Mr. Chief Justice Waite declared on behalf of the Supreme Court, at page 558:

". . . The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they

**253**

are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place and circumstances.

"It is a crime to steal goods and chattels; *but an indictment would be bad that did not specify with some degree of certainty the articles stolen. This, because the accused must be advised of the essential particulars of the charge against him, and the court must be able to decide whether the property taken was such as was the subject of larceny.*" [Emphasis supplied.]

In like manner, an indictment which alleged the defendant's willful application to his own use of " 'certain property of the United States, which said property had theretofore been furnished for the military service' " was held to be void for lack of a further description of the nature of the goods. Edwards v United States, 266 Fed 848 (CA 4th Cir) (1920). There, Circuit Judge Pritchard stated, at page 851:

"This count simply alleges that the defendant applied to his own use certain property of the United States government which had theretofore been furnished for military service. There is not a single word to indicate the nature, character, or value of the property thus furnished. In other words, it might have been clothing, horses, hay, or any other kind of property. This charge is too vague and indefinite upon which to deprive one of his liberty."

Turning to the specification before us, it is immediately apparent that it lacks even the insufficient certainty drawn from use solely of the phrase "certain property of the United States," supra, for it avers the theft of money "and/or" property. This abominable combination of a conjunctive and a disjunctive means either "and" or "or." Hayes v McCarthy, 239 Ala 400, 195 So 241 (1940); Coplen v Zimmerman, 271 SW2d 513 (Mo) (1954). Its use

has led to judicial lament over the inability of drafters to state the terms of legal documents "in plain English." State v Douglas, 339 Mo 187, 95 SW2d 1179, 1180 (1936). Its presence in pleadings renders them void for uncertainty. State v Jefferson, 19 NJ Misc 678, 23 A2d 406 (1941); Saylor v Williams, 92 SE2d 565, 93 Ga App 643 (1956). Compare Henslee v United States, 262 F2d 750 (CA 5th Cir) (1959). Here, its inclusion in the specification totally deprives the accused, appellate reviewing agencies, and those who may in the future examine the charge, of any information concerning the nature of the *res* which he misappropriated.

From the count, we are left to speculate not only whether accused took both money *and* property or only one of the two but also, if he took only property alone, its classification, nature, or identity. Thus, we cannot tell whether he wrongfully sequestered the captain's gig, and perhaps thereby rendered the convening authority an accuser, or whether he utilized some Navy-furnished service which cannot be the subject of larceny. See United States v Jones, 23 CMR 818. These are but two of the manifold possibilities which exist concerning the identity of the undescribed property, but they indicate the degree of speculation in which we must indulge because of the specification's lack of certainty.

Nor can reference to the averments of the charge or the record in this case assist the accused in the event that he seeks to interpose the defense of former jeopardy in some future proceeding. United States v Karl, supra. Nowhere does the count or transcript describe in the slightest degree the nature of the misappropriated property. Indeed, a single reference in mitigation to his labors in the ship's laundry brings into question whether he was, in fact, tried for using its services for his own benefit or that of another, a possibility heretofore mentioned. See United States v Jones, supra.

One matter remains for discussion, and that is the effect of the accused's

254

guilty plea to the offense of which he was found guilty. Unfortunately, it is no more than a judicial confession to the taking, with the requisite intent, of either money *or* property or money *and* property. The case was tried by special court-martial and the accused was not represented by an attorney. Under such circumstances, it can hardly be said that he knowingly and judicially confessed to obtaining something which was the subject of an unlawful taking or that he was possessed of the advice of a competent attorney upon whose expertise we might in some degree rely. Indeed, in Edwards v United States, supra, the Circuit Court refused to permit any waiver to be interposed with respect to such an apparent deficiency. Accordingly, we reject any contention that the plea cured the uncertainty in this pleading. The findings of guilty and sentence must be set aside.

The decision of the board of review with respect to Charge I and its specification and the sentence is reversed. The record is returned to The Judge Advocate General of the Navy. A rehearing on the amended charge and the penalty may be ordered, or the sentence may be reassessed on the basis of the remaining findings of guilty.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

Much has been written about the use of conjunctive-disjunctive phrases in pleadings, and on that score I have no inclination to dispute the criticism of my brothers. However, the point at issue is not whether the questionable language should have been used but rather, because it was employed, did the specification state an offense?

In order better to develop my views, I call attention to the fact that every essential element of larceny was alleged, and the only uncertainty appearing on the face of this specification arises in connection with the description of the property alleged to have been stolen. My associates say that certainty in this regard is required and that when the pleader fails to identify the particular nature of the property, the allegations are insufficient to apprise the accused of the offense with which he is charged and protect him from a second prosecution for the same offense. It is that concept with which I disagree.

While the Court quotes a statement found in United States v Cruikshank, 92 US 542, 23 L ed 588 (1876)—and parenthetically I mention the author Justice was merely illustrating a point —in recent years the strictness of common law pleadings has been relaxed, and in United States v Sell, 3 USCMA 202, 11 CMR 202; United States v Karl, 3 USCMA 427, 12 CMR 183; and United States v Mamaluy, 10 USCMA 102, 27 CMR 176, we stated a principle we believed would meet minimal standards in charging an offense. In those cases we said the true test of the sufficiency of a specification is not whether it could have been made more definite and certain but whether it contained the elements of the offense intended to be charged and sufficiently apprised the accused of what he must be prepared to meet; and in case any other proceedings were taken against him for a similar offense, whether the record shows with accuracy to what extent he could plead a former conviction or acquittal. In order to determine whether this specification is sufficient to meet that test, it is appropriate to consider all the facts alleged and those necessarily included by fair implication.

The original specification alleged the crime of larceny and the time, place, value, ownership, intent, and taking were stated with certainty. True it is that the *res* was described as "money and/or property" but, when the accused was interrogated about the desirability of asking for any appropriate relief, his counsel announced that no motions were to be made. Apparently the defense understood fully the crime involved property which could be the subject of larceny but, more important, when the time for plea was reached, defense counsel stated that the accused pleaded not guilty to the specification but guilty to the lesser included offense of wrongful appropriation. The accused followed this announcement by personally pleading guilty to the less

serious crime. From the tactics employed by the defense, even if I were to assume uncertainty in the allgations of larceny, when the accused affirmatively moved forward to acknowledge his guilt of a lesser offense than the one charged, it must be assumed he was well aware of all the essentials of the crime to which he was confessing. At least I am convinced there is no fair risk he did not understand the nature and character of the accusation or that he could have been prejudiced or embarrassed in conducting his defense.

I have no doubt about the proposition that when an element of the offense is alleged in a conjunctive-disjunctive form, the precise nature of the offense may be in doubt. Had the pleader in this instance alleged the crime of larceny and/or unlawful appropriation, there would be an irreconcilable hostility as to the element of intent and the plea would not remove the doubt. But that situation is not present in the case at bar. Furthermore, some charges may be so general in their descriptive phrases that an accused person can neither understand the gist of a charge nor fairly prepare his defense. But again in this instance we are not faced with that situation. As previously mentioned, the accused was first charged with unlawfully taking property with intent permanently to deprive the Government of its use and benefits. He, in essence, replied that his possession of the property was unlawful but his intent was only to deprive the Government of its enjoyment temporarily. Therefore, when interpreted in the light most favorable to accused, he pleaded guilty to unlawfully appropriating some form of property belonging to the Government of the value of $755.51. It had to be personal property for I suspect an accused would have difficulty in asporting real property. Obviously, there are many varieties of personal property, but the areas are narrowed by other allegations of the specification which may be considered without resort to conjecture. Certainly, the illustrations used by the author Judge to show how speculation must be indulged in are irrelevant and extreme indeed, for even if it were possible for a seaman to steal a Captain's gig while aboard the mother ship, the taking would not extend over a period of three months. Neither do I find persuasion in the contention that if that offense were possible, the Captain would be an accuser. I suspect his duty to protect that particular craft is no different than his obligation to watch over the landing boats used to carry other personnel to shore. Last, with regard to the suggestion that accused may possibly have utilized some service which cannot be the subject of larceny, the authority cited merely stands for the proposition that services are not property. However, the allegations of this specification touch only on the latter.

It must be conceded that nowhere in the record can the nature of the *res* be found. But from the allegations of the specification I do find that the property disappeared over a period of three months and from that, together with the allegation of a fixed value in dollars and cents, I assume the unlawful appropriation may have been bottomed on the theory of embezzlement. When that is the form of the offense, it is sometimes difficult to establish precisely the nature of the property involved. By way of illustration, the person in charge of a ship's store might sell the property and convert the cash or he could misappropriate the merchandise. Books and records might not reflect the true transaction and in that event the accused alone would know the illegal method of operation. That of itself may not be a complete answer to the question, but it does weaken the argument that an accused is not informed of the nature of the *res* particularly when, as here, he confesses to unlawfully appropriating property of a certain fixed vlaue. Moreover, in the instant case, if prior to his plea of guilty the accused had the slightest doubt, he could have asked for further particulars.

The courts which have considered similar issues have reasoned that when a conjunctive-disjunctive phrase is used in alleging a crime, it is impossible to tell whether the accused is charged with doing all things con-

demned or only some of them. If we apply that rationale to this specification, we must find that the pleading charges accused with taking either money or property or the misappropriation of both. Property includes money and so, regardless of whether merchandise or cash was involved or if there was a commingling and both unlawfully appropriated, an offense would be stated. Had a bill of particulars been requested or had the accused elected to put the Government to its proof by a plea of not guilty, the record might have established the precise nature of the *res* involved. But, in the absence of some action by him at the trial level indicating he desired more particularized information, the Government is not required to plead all evidentiary details. While a guilty plea does not cure a fatally defective specification and render acts criminal which are not, duplicity cannot be raised for the first time on appeal. By this holding, exactness in pleading the nature of property taken is made indispensable. That rule I do not accept, for after an accused has confessed judicially that while aboard a United States vessel he unlawfully appropriated property of the United States of a value of $755.51, I find no good reason to reverse the findings and sentence because on appeal it is asserted for the first time he was not informed with specificity of what he had taken.

The arguments advanced to support the Court's conclusion on former jeopardy are less than impressive. When this issue is considered on rationalistic grounds it should be concluded that the accused is benefited by the generalized allegations. He was charged with takings from January 1, 1960, to March 31, 1960, and he could assert this conviction to avoid a prosecution for the misappropriation of any property of the United States of America during that period and while aboard the designated ship. With the first specification covering all property, the accused is not only protected from a second prosecution for stealing such items as money, cigarettes or jewelry, he is given judicial immunity from any subsequent conviction for the taking of any variety of property.

For the foregoing reasons I would affirm the decision of the board of review.