UNITED STATES, Appellee

v

RICHARD TORRES ALCANTARA, First Lieutenant, U. S. Army, Appellant

18 USCMA 372, 40 CMR 84

No. 21,723

May 29, 1969

*Major John Wall Hanft* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel T. Ghent.*

*Captain Herbert D. Miller, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain Robert M. Steinbach.*

## Opinion of the Court

DARDEN, Judge:

Tried by general court-martial, the accused was convicted of larceny and conduct unbecoming an officer and gentleman, in violation of Articles 121 and 133, Uniform Code of Military Justice, 10 USC §§ 921 and 933, respectively. He was sentenced to dismissal and total forfeitures. The latter portion of the sentence, however, was set aside by the board of review. The single question before this Court concerns the adequacy of the larceny charge. The specification in question states in pertinent part that accused "did, at Schofield Barracks, Hawaii, on or about 19 or 20 June 1967, steal foodstuffs, . . . the property of the U. S. Government."

The nature of the issue does not re-

quire an extensive factual recitation. The evidence clearly establishes that the accused collected food from Government mess halls purportedly for the use of members of the armed forces on rest and rehabilitation leave but actually intended for the Guam Club of Hawaii, of which the accused was the chairman of the recreation committee. These acquisitions were taken to the home of his father-in-law and stored in a garage. It was stipulated that the items later seized and then introduced at trial included "4 bags of sugar, 12 bags sugar, 1 bag flour, 13 boxes powdered sugar, 12 boxes cornstarch, 1 box cream cornstarch, 6 cans coffee, 100 packages cereal, 9 cans tomato juice, 25 pounds oinions, 272 packages cereal."

372

Appellate defense counsel conclude from numerous cases reviewed—civil and military—that where this can be done food items should be "numbered, counted or otherwise numerically described." The allegation "foodstuffs," say appellate defense counsel, falls short of meeting this required definiteness even though the need of common-law preciseness in pleading has been lessened by statute and decision.

Appellate Government counsel say that the test of sufficiency is whether the accused has been apprised of the crime against which he must defend and whether the record enables him to avoid a second prosecution for the same offense. Counsel note that accused does not dispute the adequacy of the record to protect him against a second prosecution—he acknowledged by way of stipulation the specific items taken. The question, therefore, is reduced to whether accused was aware of the crime to be defended against. In the eyes of Government counsel, "foodstuffs" is specific enough to meet this latter criterion. At most, they suggest, the accused was entitled only to a bill of particulars. If he had needed such a bill, the accused could have had it for the asking but in the absence of such a request he should not now be given relief that he initially neither sought nor needed.

Both parties appear to agree that the issue presented may be narrowed to whether the allegation "foodstuffs" is sufficiently definite to aver the *res* of the charged larceny.

In United States v Nedeau, 7 USCMA 718, 719, 23 CMR 182, a court-martial found a conviction of larceny by substituting the word " ' "foodstuffs of a value of $49.80 or less but more than $20.00" ' " for a listing in the specification of the items stolen. This Court unanimously reversed that conviction because of the obvious fatal variance between pleading and findings. Similar exceptions and substitutions by the court-martial in United States v Guy, 8 USCMA 66, 23 CMR 290, amounted to a finding of not guilty, this Court said, and caused a conviction of larceny to be overturned.

United States v Autrey, 12 USCMA 252, 254, 30 CMR 252, dealt with the uncertainty of the *res* described in the specification as wrongfully appropriated " 'money and/or property.' " The Court there concluded that a combination of the conjunctive and disjunctive "totally deprived[d]" the accused and appellate reviewing authority of information regarding the "nature of the *res* which he misappropriated."

In light of the modern tendency to allow the pleading of legal conclusions and to eliminate detailed factual allegations, "use of no descriptive averment beyond 'personal property' may well suffice," the Court observed in United States v Williams, 12 USCMA 683, 685, 31 CMR 269, "[b]ut resort to such pleading is always subject to a motion for further particularization." Because that was the precise relief sought by Williams, reversal of his conviction for attempted larceny of "personal property" resulted.

The case at bar, in comparison, is distinguishable from related ones preceding it. In this case, there was no request for more particulars; there was no variance between pleadings and findings; and there were no alternative descriptions. "Foodstuffs," moreover, does not suffer from imprecision. It has a definitive classification. Pardy v Boomhower Grocery Co., 178 App Div 347, 164 NYS 775 (1917). It is, therefore, sufficiently descriptive to constitute a proper allegation of the *res* in larceny in this case.

We call attention, however, to the desirability of precision in the drafting of specifications. In this case, there was no apparent reason for not setting forth the identity of the individual items taken, since the items were known. Specificity should serve to reduce further appeals of this type.

We affirm the decision of the board of review.

Chief Judge QUINN and Judge FERGUSON concur.