UNITED STATES, Appellee

v

THEODORE R. CURTISS, Sergeant,
U. S. Marine Corps, Appellant

19 USCMA 402, 42 CMR 4

No. 22,783

May 1, 1970

*Captain Jeffery W. Maurer*, USMC, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

On his plea of guilty, the accused was convicted by a general court-martial of twelve specifications of wrong-ful appropriation (Charge I and its specifications), twelve specifications of dishonorable failure to maintain a sufficient bank account to pay checks is-

402

sued by him (Charge III and its specifications), and twelve specifications of drawing bad checks (Charge II and its specifications), in violation of Articles 121, 134, and 123a, Uniform Code of Military Justice, 10 USC §§ 921, 934, and 923a, respectively.[1] The question presented by this appeal is whether the allegations in specifications 1, 7, and 11, Charge I, are sufficient to state an offense.

Each of the specifications alleges in material part that the accused did wrongfully appropriate "personal property" belonging to Marine Corps facilities at Camp Pendleton, California. An allegation of this kind "totally deprives the accused, appellate reviewing agencies, and those who may in the future examine the charge, of any information concerning the nature of the *res* which" the accused misappropriated, and is legally insufficient. United States v Autrey, 12 USCMA 252, 254, 30 CMR 252 (1961). Accordingly, the decision of the United States Navy Court of Military Review as to specifications 1, 7, and 11, Charge I, is reversed, and the findings of guilty as to those specifications are set aside and the specifications are ordered dismissed. See United States v Williams, 18 USCMA 78, 39 CMR 78 (1968).

Ordinarily, dismissal of some of a number of findings of guilty would require redetermination of the sentence on the basis of the remaining findings of guilty, but it appears that the specifications of Charge I were treated at trial as multiplicious with related specifications of Charge II, and the court-martial imposed a sentence extending to a bad-conduct discharge and confinement for two years on instructions that the maximum included confinement for ten years. In addition, the convening authority reduced the period of confinement to one year. Thus, no prejudice to the accused resulted from the dismissed offenses. United States v Helfrick, 9 USCMA 221, 25 CMR 483 (1958). Except as noted, therefore, the decision of the Court of Military Review is affirmed.

[1] The court-martial order incorrectly lists the specifications of Charge III under Charge II. Appellate Exhibit 1, appended to the record of trial, notes the correct listing of the specifications.