UNITED STATES, Appellee

v

RICKIE H. SUGGS, Private, U. S. Marine Corps, Appellant

20 USCMA 196, 43 CMR 36

No. 22,844

December 18, 1970

*Lieutenant David G. Grimes, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Martin A. Selzer*, JAGC, USNR.

*Captain John J. Reilly*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever*, USMC.

## Opinion of the Court

DARDEN, Judge:

On his plea of guilty the appellant has been convicted of several violations of the Uniform Code of Military Justice. This Court has limited review of the case to the adequacy of a single specification that charges a breach of Article 128, Uniform Code of Military Justice, 10 USC § 928, in these words:

> "Specification: In that Private Rickie H. SUGGS, U. S. Marine Corps, Company F, Second Battalion, Fifth Marines, First Marine Division (Reinforced), Fleet Marine Force, Fleet Post Office, San Francisco, California 96602, did, at Danang, Republic of Vietnam, on or about 2330, 23 November 1968, assault Armed Forces Policemen, persons then having and in the execution of military police duties."

The pretrial investigation supplies needed factual background. The record of the investigation shows that the appellant was apprehended on the night of November 23, 1968, in an absent-without-leave status. The apprehension occurred in a house of prostitution located in an off-limits area within the city of Da Nang, Republic of Vietnam. The appellant was first taken into custody by a Sergeant Bullard, who later had the assistance of Private First Class Eustance and Petty Officer Third Class Staab. Suggs refused to follow directions and resisted being handcuffed, striking the three Armed Forces Policemen in the process of resisting. The specification set out above flows from these events.

Responding to our grant of review on this issue, appellate counsel for Suggs maintain that the specification is deficient because it neither alleges the means of the assault nor names the victims of the charged offense. They argue that the appellant is thus placed in the "unenviable position of having to prepare his defense without knowing the very essence of what he was charged." They cite United States v Autrey, 12 USCMA 252, 30 CMR 252 (1961), and United States v Curtiss, 19 USCMA 402, 42 CMR 4 (1970), as supporting authority.

In *Autrey,* the adequacy of a specification alleging the wrongful appropriation of " 'money and/or property' " was questioned. The Court there agreed that the conjunctive and disjunctive form of the allegation created an uncertainty that made the pleadings inadequate.

In *Curtiss,* both the accused and appellate authorities were said to be "totally" deprived of " 'information concerning the nature of the *res*' " by a specification charged under Article 121, Uniform Code of Military Justice, 10 USC § 921, that simply alleged a wrongful appropriation of "personal property" belonging to the Marine Corps facilities located at Camp Pendleton, California. United States v Curtiss, supra, at 403.

In United States v Alcantara, 18 USCMA 372, 373, 40 CMR 84 (1969), a conviction for the larceny of "foodstuffs" was affirmed because:

"The case at bar, in comparison, is distinguishable from related ones preceding it. In this case, there was no request for more particulars; there was no variance between pleadings and findings; and there were no alternative descriptions. 'Foodstuffs,' moreover, does not suffer from imprecision. It has a definitive classification. Pardy v Boomhower Grocery Co., 178 App Div 347, 164 NYS 775 (1917). It is, therefore, sufficiently descriptive to constitute a proper allegation of the *res* in larceny in this case."

The objectives in requiring an indictment to name the party aggrieved are to provide sufficient ■ identification so that the person accused may prepare a defense, prevent the possibility of surprise at trial, and afford protection against another prosecution for the same misdeed. People v Nelson, 17 Ill 2d 509, 162 NE2d 390 (1959). Information necessary to meet this standard may appear in various forms or by fair construction. United States v Reams, 9 USCMA 696, 26 CMR 476 (1958), citing United States v Sell, 3 USCMA 202, 11 CMR 202 (1953).

Regarding the contention that the victims were not named, the Fifth Circuit Court of Appeals found no defect in an indictment alleging an assault upon an "Inspector of the Bureau of Customs of the United States Treasury while engaged in, and on account of, the performance of his official duties." Garza v United States, 159 F2d 413 (CA 5th Cir) (1947). That court concluded that Garza was "fully informed of the nature and cause of the accusation against him." *Id.,* at page 414. See also Young v United States, 288 F2d 398 (CA DC Cir) (1961), certiorari denied, 372 US 919, 9 L Ed 2d 725, 83 S Ct 734 (1963).

The instant specification that alleges an assault on "Armed Forces Policemen, persons then having and in ■ the execution of military police duties," is at least as informative as the one in *Garza.* Moreover, the incident in question is further identified by allegations relating to date, place, and time.

Another statement of the required specificity is from the opinion in United States v Palmiotti, 254 F2d 491, 495 (CA 2d Cir) (1958):

". . . '[A]n indictment which charges a statutory crime by following substantially the language of the statute is amply sufficient, provided that its generality neither prejudices defendant in the preparation of his defense nor endangers his constitutional guarantee against double jeopardy.' United States v Achtner, 2 Cir, 144 F2d 49, 51; United States v Varlack, 2 Cir, 225 F2d 665, 670." [In addition, see United States v Fortunato, 402 F2d 79 (CA 2d Cir) (1968), certiorari denied, 394 US 933, 22 L Ed 2d 463, 89 S Ct 1205 (1969).]

The offense in the instant case is stated in terms particular enough to meet these standards. Unlike the accused in *Autrey* and *Curtiss,* both supra, the appellant, with the advice of qualified counsel, knowingly negotiated a beneficial pretrial agreement and then pleaded guilty at trial. He did not move for a bill of particulars either before or at the time of trial. In fact,

the sufficiency of the assault specification remained unquestioned until this last stage of appellate review. We are convinced that Suggs was fully cognizant of what he had to defend against and that his decision to plead guilty was an informed one.

Beyond this, appellate reviewing authorities are not "completely deprived" of adequate information concerning the offenses of which the accused was found guilty, for in this instance the Article 32 investigation report accompanies the record of trial and clearly describes the events of November 23, 1968, as does the staff legal officer's written pretrial recommendation for trial by general court-martial. The presence of these documents in the record, subject to judicial notice in the event of a second trial on the same charges, affords the appellant protection against twice being placed in jeopardy. Consequently, we conclude that the assault specification identifies the crime enough that Suggs was able to prepare a defense, if one existed; it prevented the possibility of trial surprises; and it afforded him Article 44, Uniform Code of Military Justice, 10 USC § 844, protection.

We emphasize again, however, the desirability of precision in the formulation of court-martial charges. One guideline is the collection of specification model forms included in Appendix 6c, Manual for Courts-Martial, United States, 1969 (Revised edition). Following those forms should reduce the number of " 'questions as to what are refinements and informalities, and what are indispensable allegations.' " United States v Granberry, 14 USCMA 512, 514, 34 CMR 292 (1964).

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

The single specification in this case, in Charge V, alleges that the accused, at a specified time and place, did "assault Armed Forces Policemen, persons then having and in the execution of military police duties." The only question to be decided is whether the failure to specify by name the "Armed Forces Policemen" is a fatal defect. I believe that it is, especially since paragraph 207b, Manual for Courts-Martial, United States, 1969, lists the identity of the person assaulted under this statute as the first element of this offense. His occupation as a military policeman and the accused's knowledge thereof are set forth as the second and third elements respectively. However, I do not base my view solely on the Manual provision for I believe the question has already been decided in this Court and the doctrine of *stare decisis* should prevail.

In United States v Curtiss, 19 USCMA 402, 403, 42 CMR 4 (1970), this Court, in a per curiam opinion, reversed the accused's conviction of specifications 1, 7, and 11 of Charge I, on the ground of legal insufficiency, because these specifications simply alleged, in material part, "that the accused did wrongfully appropriate 'personal property' belonging to Marine Corps Facilities at Camp Pendleton, California." As we stated in *Curtiss*:

". . . An allegation of this kind 'totally deprives the accused, appellate reviewing agencies, and those who may in the future examine the charge, of any information concerning the nature of the *res* which' the accused misappropriated, and is legally insufficient. United States v Autrey, 12 USCMA 252, 254, 30 CMR 252 (1961)."

We adopted this view despite the fact that these particular specifications were found multiplicious with similar specifications in Charge II, which alleged, *in haec verba*, the passage by the accused of bad checks, of the same value, on the same dates, and at the same place.

Curtiss, as did this accused, pleaded guilty, did not request a bill of particulars, and had negotiated a beneficial pretrial agreement with the convening authority. Failure to attack a specification because it does not state an offense cannot be waived by a plea of

guilty. United States v Fout, 3 USCMA 565, 567, 13 CMR 121 (1953), and cases cited. And "it is a settled rule that a bill of particulars cannot save an invalid indictment." Russell v United States, 369 US 749, 770, 8 L Ed 2d 240, 254, 82 S Ct 1038 (1962). Although appellate defense counsel in this case have raised the issue on appeal at this level, the question was considered in *Curtiss* only by virtue of the action of this Court in first noticing the error on its own.

My brothers, by perusing the pretrial and post-trial papers which describe the events leading to the questioned specification, find sufficient information therein to protect the accused from twice being placed in jeopardy for this offense (Article 44, Uniform Code of Military Justice, 10 USC § 844). But this same information was present *in the actual record of trial* in *Curtiss, as* noted above, and was found not to be sufficient to rescue a fatally defective specification, for, as the Chief Judge, writing for a unanimous Court in United States v Fout, supra, said at page 567:

". . . Moreover, the presence of evidence in the record cannot remedy a defective charge. United States v Soukup, 2 USCMA 141, 7 CMR 17 [1953]."

This accused was charged not with the offense of simple assault, for which he could have been sentenced to confinement at hard labor for three months and forfeiture of two-thirds pay per month not to exceed three months, but with the more heinous offense of assault on a military policeman, the maximum punishment for which is dishonorable discharge, confinement at hard labor for one year, and total forfeitures. Paragraph 127c, Manual, supra, 1969. See also paragraph 207b, Manual, supra. In this regard, it is akin to the Federal statute, Title 18, United States Code, section 111, which makes it an offense to assault, resist or impede certain officers or employees of the United States Government.[1] My brothers seem to

agree for they cite, in support of their holding, the decisions in Garza v United States, 159 F2d 413 (CA 5th Cir) (1947), and Young v United States, 288 F2d 398 (CA DC Cir) (1961), certiorari denied, 372 US 919, 9 L Ed 2d 725, 83 S Ct 734 (1963). *Garza,* however, was concerned with whether it was "necessary for the indictment to contain a definition of the word assault," and held that it was not since assault "has a fixed and determined meaning in law. Norris v United States, 5 Cir, 15 F2d 808." (*Id.,* at page 414.) It is not clear in *Garza* whether the name of the assaulted inspector of the Customs Bureau of the Treasury Department of the United States was included in the indictment, for the indictment was not set forth *in haec verba* in the opinion, only that portion which related to the issue under consideration being referred to and not even that in quotations. Young v United States, supra, is inapposite for, although it did raise the issue of the failure to identify the persons who were assaulted (with intent to commit robbery), the court found that the statute under which the defendant was charged "does not limit the person intended to be robbed to a particular class or category of persons." (*Id.,* at page 400.)

In my opinion, the failure to allege the person or persons victimized in the assault, since they belonged to a particular class (cf. Young v United States, supra), deprived the allegation of a critical element essential for proper pleading. Paragraph 207b, Manual, supra; Russell v United States, and United States v Curtiss, both supra. The rule of *stare decisis* deserves better treatment than it is accorded in this case. United States v Curtiss, supra.

I would reverse the decision of the Court of Military Review as to Charge V and its specification and order it dismissed. I would return the case to that court and direct that the sentence be reassessed on the basis of the remaining findings of guilty.

---

[1] The identity of the Federal employees protected by this statute is designated in Title 18, United States Code, section 1114.