UNITED STATES, Appellee

v

JOHN W. KREBS, II, Private First Class, U. S. Army, Appellant

20 USCMA 487, 43 CMR 327

No. 23,527

April 9, 1971

*Major Alan W. Cook* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr.,* and *Captain Thomas R. Maher.*

*Captain Mark Rosenberg* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway,* and *Captain Benjamin G. Porter.*

### Opinion of the Court

QUINN, Chief Judge:

On trial for several offenses in violation of the Uniform Code of Military Justice, including larceny of "goods, of a value of about $1,678.00, the property of the European Exchange Sys-

tem," the accused entered a plea of guilty. He was convicted as charged, and the conviction was affirmed on intermediate review. He now contends that the larceny specification is legally deficient because the allegation as to the nature of the stolen property is too vague to convey that degree of "information concerning the nature of the *res*" which the law requires. United States v Autrey, 12 USCMA 252, 254, 30 CMR 252 (1961); see also United States v Curtiss, 19 USCMA 402, 42 CMR 4 (1970).

The crucial questions in determining the legal sufficiency of a specification are whether the allegations reasonably inform the accused as to what he must defend against and whether they will adequately protect him, in conjunction with the record, against a second prosecution for the same offense. United States v Autrey, supra; United States v Suggs, 20 USCMA 196, 43 CMR 36 (1970). Here, before accepting the accused's plea, the trial judge inquired directly into the defense understanding of the nature of the stolen property. He ascertained that defense counsel knew that the "goods" consisted of a "tape recorder, tapes, watches, rings, tobacco items." Still, he informed defense counsel that if there was any doubt "as to what goods were stolen" he would direct a further Article 32 investigation "to have it developed." See United States v Suggs, supra, at page 199. Defense counsel assured the trial judge he had "no question" as to the precise nature of the property involved, and he had "not been misled in any respect" by the general description of the stolen property as "goods." It is manifest, therefore, that the accused and his counsel knew before trial the nature of the "goods" allegedly stolen. Since the particular classes of articles constituting the "goods" were described in the record, it is also apparent that the specification and the record will protect the accused against a second prosecution for the same theft. United States v Alcantara, 18 USCMA 372, 40 CMR 84 (1969). The essential requirements for a sufficient pleading are thus satisfied.

The decision of the United States Army Court of Military Review is affirmed.

Judges FERGUSON and DARDEN concur.