UNITED STATES, Appellee,

v.

Private First Class Dennis A. HAMER,
SSN 553–31–0993, United States
Army, Appellant.

CM 440736.

U. S. Army Court of Military Review.

16 Feb. 1982.

Major Elliot J. Clark, Jr., JAGC, Captain David M. England, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. DeBusk, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

OPINION OF THE COURT

GARN, Judge:

The appellant and his companion, Private First Class Bean, agreed to rape a waitress

in a restaurant in Germany. The appellant gave Bean a knife "to hold off" the restaurant manager. After the other patrons had left, the appellant went down a stairway and grabbed the waitress. While the appellant and the waitress were struggling, Bean killed the manager by beating him on the head and strangling him. PFC Bean and the appellant then raped the waitress.

The appellant was convicted, in accordance with his pleas of guilty, of conspiracy to commit rape, rape, and murder. The trial judge sentenced him to a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private E–1 and, as required by Article 118, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 918, confinement at hard labor for life. The convening authority reduced the confinement to eighteen years, as required by a pretrial agreement, and otherwise approved the adjudged sentence.

■ The appellant's murder conviction is premised on what is known as the felony murder doctrine. Briefly, and generally, that doctrine provides that when a homicide occurs as a result of the perpetration or attempted perpetration of a felony anyone perpetrating or attempting to perpetrate the felony is guilty of murder. *See People v. Aaron*, 409 Mich. 672, 299 N.W.2d 304 (1980). The doctrine, with limitations on the underlying felonies, has been incorporated by Congress in the UCMJ. Article 118, UCMJ, 10 U.S.C. § 918, provides in pertinent part that:

> Any person subject to this chapter who, without justification or excuse, unlawfully kills a human being, when he—... (4) is engaged in the perpetration or attempted perpetration of burglary, sodomy, rape, robbery, or aggravated arson; is guilty of murder ....

### I

The appellant first argues that the murder specification fails to allege an offense. That specification alleges that the appellant did, at a certain place and on a certain date, while perpetrating the rape of Renate Gruber, murder Smulek A. Zysmann by means of giving Private First Class Michael D. Bean a knife to hold off Smulek A. Zysmann during the rape. Said Private First Class Michael D. Bean, then assaulted and murdered Smulek A. Zysmann by severely beating Smulek A. Zysmann on the head and strangling him.

Paragraph 197e, *Manual for Courts-Martial*, United States, 1969 (Revised edition) provides that one of the essential elements of felony murder is that the death of the victim resulted from an act or omission of the accused, as alleged. The appellant argues that because the specification does not allege any act or omission of his from which the death of the victim resulted, and because there is no causal relationship between the means alleged (giving Bean the knife) and the alleged cause of death (beating and strangulation), the specification does not allege an offense.

■ The argument has some syllogistic attraction, but does not withstand analysis. First, the allegation that the appellant "did ..., while perpetrating the rape of Renate Gruber, murder Smulek A. Zysmann ...." alleges a violation of Article 118(4) of the *Code*. It apprised him of the charge against him, and protects him from a second prosecution for that offense. That alone is sufficient. *See United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953). Furthermore, alleging the means by which the victim was killed is not essential for a sufficient murder specification. *See United States v. Suggs*, 20 U.S.C.M.A. 196, 43 C.M.R. 36 (1970) (assault specification sufficient even though means of assault not alleged). Finally, the specification inartfully but implicitly alleges that the killing resulted from the acts of the appellant's co-principal in the perpetration of the offense of rape and that there was a causal connection between the perpetration of the rape and the killing. Those are the essential foundations on which the appellant's culpability for the murder of Mr. Zysmann rests. *See United States v. Borner*, 3 U.S.C.M.A. 306, 12 C.M.R. 62 (1953).

## II

■■ The appellant's second argument is that his plea of guilty to murder was improvident because the language of Article 118 of the *Code* "restricts the felony murder rule to the actual perpetrator of the killing."

A literal interpretation of the language of Article 118 does support the appellant's argument. Furthermore, his culpability for murder cannot be premised on the theory of aiding and abetting Bean because he never admitted, and implicitly denied, having or sharing an intent to kill or inflict great bodily harm. *See United States v. Jackson,* 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955).

That interpretation would be anomalous, however. The intent to kill or inflict bodily harm is irrelevant to felony murder; the only criminal intent necessary is the intent to commit the underlying felony. *See People v. Aaron, supra; see also United States v. Lucas,* 24 C.M.R. 410 (ABR 1957). It seems unreasonable to conclude that Congress intended that when more than one person is engaged in the perpetration of an underlying felony, and a homicide occurs as a consequence, that only the person whose act or omission (which may be accidental) proximately caused the death may be held liable for it. In any event, the Court of Military Appeals's holding in *United States v. Borner, supra,* precludes our acceptance of the appellant's argument.

*Borner* involved three appellants who were convicted of rape and felony murder. One of them shot and killed a man who was trying to stop the rape. Which of the three had fired the fatal shot could not be determined. Nevertheless, and even though there was no showing of any intent to kill or inflict great bodily harm, the Court upheld the murder convictions of each appellant because each appellant was "guilty as a principal". It is apparent from the facts of that case that the appellants were held to be principals as to the murder because they were principals as to the rape.

The appellant also argues that we should adopt his restrictive interpretation of Article 118 because "[t]he felony murder rule has come under increasing criticism in recent years." He cites *People v. Aaron, supra,* a case in which the Supreme Court of Michigan extensively reviewed, and criticized, the felony murder doctrine. Among the criticisms are that a person can be branded and punished as a murderer even though he did not intend to kill, or inflict great bodily harm, or engage in an act inherently dangerous to others evincing a wanton disregard for human life; there is too little relationship between moral and legal responsibility; and the doctrine places too much emphasis on the retribution, rather than the reformation and deterrence, goals of criminal law. Regardless of the wisdom of the felony murder doctrine, we cannot change or ignore the Uniform Code of Military Justice as enacted by Congress and interpreted by the Court of Military Appeals.

## III

■ One other matter, though not raised, merits a brief discussion. When the trial judge explained the elements of the offense to the appellant he fell into the trap laid by the confusing wording of the specification. According to the trial judge, the second element of the alleged murder offense was "that the death resulted from the act of the accused by means of giving Private Bean a knife to hold off Zysmann . . . . That part of the explanation was logically ludicrous, and legally wrong. The act of the appellant giving rise to his culpability for the murder was his engaging in the perpetration of a rape while a co-perpetrator of the rape, in order to prevent interference with the rape, beat and strangled Mr. Zysmann to death. While the trial judge's explanation of the elements of the offense may have been somewhat confused and confusing, we are satisfied that the appellant sufficiently understood the essential elements of the offense of the felony murder to which he pleaded guilty.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge HANFT concur.