232

UNITED STATES, Appellee,

v.

**Billy B. DURHAM, Seaman Recruit U.S. Navy, Appellant.**

No. 46,088.

NMCM 82–4447.

U.S. Court of Military Appeals.

Jan. 27, 1986.

For Appellant: *Lieutenant Jeanne Carroll, JAGC, USN* (on brief); *Commander Matthew J. Wheeler, JAGC, USNR* and *Lieutenant Judy A. Jacobson, JAGC, USNR.*

For Appellee: *Captain W.J. Hughes, JAGC, USN* and *Commander Jay M. Seigel, JAGC, USNR* (on brief).

*Opinion of the Court*

PER CURIAM.

Pursuant to his pleas, appellant was convicted by a special court-martial, military judge alone, of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The military judge sentenced appellant to a bad-conduct discharge, confinement for 45 days, and forfeiture of $367.00 pay. The convening authority approved the sentence, but the supervisory authority reduced the confinement to 24 days. The Court of Military Review affirmed. We granted review to consider whether the larceny specification was fatally defective because it failed to identify the nature of the stolen property. 16 M.J. 140. We determine that it was not and affirm.

The specification alleged that the accused

did, on board USS ST. LOUIS, on or about 23 March 82, steal items from the storeroom of the ship, of a value of about $371.80[,] the property of the United States Government.

In accordance with his pleas, appellant was found guilty of the lesser value of $357.05. Defense counsel offered no objection to the manner in which the larceny was pleaded.

In *United States v. Curtiss*, 19 U.S.C. M.A. 402, 42 C.M.R. 4 (1970), we held that several specifications which alleged that Curtiss wrongfully appropriated "personal property" were legally insufficient even though Curtiss had pleaded guilty to them. We were concerned that:

An allegation of this kind "totally deprives the accused, appellate reviewing agencies, and those who may in the future examine the charge, of any information concerning the nature of the *res* which" the accused misappropriated, and is legally insufficient.

*Id.* at 403, 42 C.M.R. at 5. In *United States v. Krebs*, 20 U.S.C.M.A. 487, 43 C.M.R. 327 (1971), Krebs pleaded guilty to stealing "goods." In affirming, we distinguished *Curtiss* on the basis that the mili-

tary judge in *Krebs* ascertained from the defense counsel that he knew the "goods" were a "tape recorder, tapes, watches, rings, [and] tobacco items." *Id.* at 488, 43 C.M.R. at 328. The Court reasoned that, because the goods were described in the record, the specification and the record would protect the accused against a second prosecution for the same theft.

In the present case, during the *Care* * inquiry, appellant told the military judge that the items were a pair of regular work gloves, cigarettes, and candy. Therefore, the items have been sufficiently identified in the record to protect him from a second prosecution for the same larceny.

We believe that this case is encompassed by the *Krebs* rationale. The fact that here the information was provided by the accused during the providence inquiry, rather than by his counsel, as in *Krebs*, is a dis-

tinction without a difference. The important facts are that the record establishes positively that the accused was apprised with sufficient particularity of the crime against which he must defend and that the record of trial enables him to avoid a second prosecution for the same offense. *United States v. Autrey*, 12 U.S.C.M.A. 252, 30 C.M.R. 252 (1961); *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953). Of course, had he moved for a bill of particulars or otherwise objected, the Government would have been required to list the stolen items. *United States v. Williams*, 12 U.S.C.M.A. 683, 31 C.M.R. 269 (1962); *see United States v. Hoskins*, 17 M.J. 134 (C.M.A.1984).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

---

\* *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).