UNITED STATES

v.

James R. BROWN, 228 04 6409, Fireman Recruit (E–1), U.S. Navy.

NMCM 87 1976.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 April 1987.

Decided 23 Dec. 1987.

Maj. J.L. Powers, USMC, Appellate Defense Counsel.

Capt. Mark Foster, USMCR, Appellate Defense Counsel.

Maj. F.F. Krider, USMC, Appellate Government Counsel.

Before BYRNE, C.J., COUGHLIN and RUBENS, JJ.

RUBENS, Judge:

Contrary to his pleas, appellant was convicted at a special court-martial bench trial of attempted larceny (two specifications), failure to go to an appointed place of duty (four specifications), and violation of a law-

ful order not to possess alcohol while in a restricted status (three specifications), in violation of Articles 80, 86, and 92(2), respectively, of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 886, and 892(2). He was sentenced on 16 April 1987 to forfeit $435 pay per month for 2 months, to be confined for 75 days, and to be discharged from the Naval Service with a bad-conduct discharge. The convening authority approved the adjudged sentence.

■■■■ Appellant contends that each specification of Charge III (alleging violation of a lawful order) is fatally deficient because it fails to allege knowledge of the order and because it posits an impossible act inasmuch as the order allegedly violated was issued 2 months after its ostensible violation. Knowledge of the order is an essential element of an Article 92(2), UCMJ, violation. Paragraph 16b(2)(b), Part IV, Manual for Courts-Martial, United States, 1984 (MCM). A specification must allege every element of the offense expressly or by necessary implication. Rule for Courts–Martial 307(c)(3), MCM, 1984. The draftsman of these specifications obviously meant to allege knowledge because the specifications allege "having" at the end of one line and pick up with the words "a lawful order" on the next line but omit "knowledge of". Moreover, there is nothing in these specifications which necessarily implies knowledge of the order. The question, then, is whether this is a fatal deficiency. Military appellate courts have long held that this omission is fatal. *United States v. Tinker*, 10 U.S.C.M.A. 292, 27 C.M.R. 366 (1959); *United States v. Meekins*, 26 C.M.R. 875 (AFBR 1958), *pet. denied*, 26 C.M.R. 516 (C.M.A.1958).

The Government, however, argues that a post-conviction liberal construction rule is emerging and asks us to apply it to these specifications. The United States Court of Military Appeals, in keeping with the practice in most federal courts, has recently upheld findings of guilty of specifications which were deficient on their face. In *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986), the Court upheld an unauthorized absence specification which did not allege that the absence was unauthorized. Similarly, in *United States v. Durham*, 21 M.J. 232 (C.M.A.1986), the Court upheld a larceny specification that failed to identify the stolen property. Each of these questioned specifications deviated substantially from the appropriate sample specification in Part IV, MCM, 1984, but was not challenged at the trial level.

■■■■ The Court of Military Appeals stated in *Watkins* and *Durham*, both *supra*, that it would apply a threefold analysis to an allegedly deficient specification: first, is the specification deficient (*i.e.*, does it allege every element expressly or by necessary implication); second, if deficient, is the specification first challenged on appeal;[1] finally, if deficient and first challenged on appeal, is the error prejudicial, that is, does the specification put appellant on notice of what to defend against and protect him against subsequent prosecution (double jeopardy)? In this case the specifications are clearly deficient and were first challenged on appeal. We turn, then, to the third step in the analysis: was the error prejudicial? The Government not only omitted the knowledge language in these specifications, but also alleged that the order issued in February 1987 was violated in December 1986. The specifications, then, allege an impossible act—violation of an order not yet in existence. Thus, there is some doubt that appellant was sufficiently on notice of what to defend against. This combination of deficiencies is fatal to the sufficiency of the specifications under the circumstances. This is not the case to extend the applicability of the post-conviction liberal construction rule.

---

1. It is not essential that the accused plead guilty to the allegedly deficient specification. Rather, the test is applicable when the specification was first challenged on appeal. *Cf. United States v. Watkins, supra* at 210 ("*In addition to viewing post-trial challenges with maximum liberality,* we view standing to challenge a specification on appeal as considerably less where an accused knowingly and voluntarily pleads guilty to the offense." (Emphasis added.))

■ Accordingly, the findings of guilty of Charge III and the three specifications thereunder are set aside and the specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the whole record, and being reasonably certain of the sentence which would otherwise have been adjudged,[2] the Court affirms the sentence as approved on review below.

Chief Judge BYRNE and Judge COUGHLIN concur.

2. *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986).