# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Jacob P. SMITH
### Seaman (E-3), U.S. Coast Guard

## CGCMS 24455

## Docket No. 1346

## 11 May 2012

Special Court-Martial convened by Commanding Officer, Coast Guard Telecommunication and Information Systems Command. Tried at Arlington, Virginia, on 30 September 2010.

| | |
|---|---|
| Military Judge: | CDR Christine N. Cutter, USCG |
| Trial Counsel: | LT Michael O. Walker, USCGR |
| Assistant Trial Counsel: | LCDR Eric D. Masson, USCG |
| Detailed Defense Counsel: | LT Randall W. Leonard, JAGC, USN |
| Appellate Defense Counsel: | LT Kate J. Grossman, USCGR |
| | LCDR Paul R. Casey, USCG |
| Appellate Government Counsel: | LT Frances Johnson-Gillion, USCGR |

## BEFORE
## McCLELLAND, McGUIRE & JOHNSON
### Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of conspiracy, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of wrongfully damaging property, in violation of Article 109, UCMJ; one specification of wrongfully using cocaine, one specification of wrongfully possessing marijuana, one specification of wrongfully using marijuana, one specification of wrongfully possessing anabolic steroids, and one specification of wrongfully using anabolic steroids, all in violation of Article 112a, UCMJ; five specifications of larceny, in violation of Article 121, UCMJ; and three specifications of lending or selling of his military identification card, in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for five

months, and reduction to E-1.  The Convening Authority approved the sentence as adjudged, and suspended confinement in excess of ninety days in accordance with the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We feel constrained to address the fact that Appellant was convicted of two specifications laid under Article 134, UCMJ, that include no "terminal element" (i.e., prejudice to good order and discipline, service discredit, or a "crime or offense not capital").  *See United States v. Fosler*, 70 M.J. 225, 233 (C.A.A.F. 2011) (in a specification under Article 134, "the terminal element must be set forth . . . .").[1]

Fundamentally, a specification must allege "every element of the charged offense expressly or by necessary implication."  Rule for Courts-Martial (R.C.M.) 307(c)(3), Manual for Courts-Martial, United States (2008 ed.); *Fosler*, 70 M.J. at 229.  A charge that is defective because it fails to allege an element of an offense, if not raised at trial, is tested for plain error.  *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012).

We will assume, without deciding, that the specifications here do not allege a terminal element, even by necessary implication.  Unlike *Fosler*, this is a guilty plea, and no objection was raised in this case to the sufficiency of the specifications.  As in *Ballan*, the specification was legally sufficient at the time of trial (i.e., before *Fosler* was decided).  After pleading guilty, Appellant was informed of the elements of both specifications, including the terminal elements of prejudice to good order and discipline and, in the alternative, being of a nature to bring discredit upon the Armed Forces.  (R. at 99-100, 115-16.)  He stated that he understood the elements.  (R. at 100, 116.)  He admitted that his conduct had been both prejudicial to good order and discipline and of a nature to bring discredit on the Armed Forces.  (R. at 101-03, 117-18, 120-22.)  Consistent with Article 59(a) and *Ballan*, we hold that there was no prejudice to Appellant's substantial rights from the absence of any allegation of a terminal element in either of the specifications.  *See Ballan*, 71 M.J. at 35.

---

[1] In *Fosler*, a contested case, the defense had raised the issue at trial of whether the specification under Article 134, UCMJ, stated an offense, where it did not include a terminal element.

On the subject of specifications, we note that four of the larceny specifications are utterly nonspecific about the property allegedly stolen and its value, reading in relevant part, "steal property of some value, the property of [a retail merchandiser]." Such a specification invites a motion for a bill of particulars, if not dismissal for insufficiency. *See United States v. Durham*, 21 M.J. 232 (C.M.A. 1986). If there is a reason for such a lack of specificity in the drafting of specifications, it is not apparent to us. However, we find no defect in this case since the record provides sufficient information to enable Appellant to avoid a second prosecution for the same offenses.

We note that Appellant was convicted of "willfully allow[ing] other persons to have and/or use a military pass or permit, to wit: his military identification card, in violation of 18 USC §499" (Charge V Specification 1); "wrongfully loan[ing] to others [his] military identification card" (Charge V Specification 2); and "wrongfully sell[ing] to [two named Coast Guard seamen] [his] military identification card" (Charge V Specification 4). It is clear from the providence inquiry that Specifications 1 and 2, which allege exactly the same acts in slightly different language but without substantive difference, are based on the same facts. We view this as multiplicity, subjecting Appellant to double jeopardy, as well as unreasonable multiplication of charges. We will disapprove the conviction of the first specification and dismiss it. The military judge determined that Charge V Specifications 1 and 2 were multiplicious for sentencing (R. at 19), so the sentence is unaffected.

We will mention one other issue. When pleas were entered, no pleas were entered to Charge I, although pleas were entered to the specifications under that charge. (R. at 12.) Like the Air Force court in *United States v. Logan*, 15 M.J. 1084, 1085 (A.F.C.M.R. 1983), we find that this procedural irregularity was harmless. *See United States v. Giermek*, 3 M.J. 1013, 1014 (C.G.C.M.R. 1977) (holding failure to enter a finding as to a charge harmless error in view of the entry of a finding as to the specification under the charge). Nevertheless, we urge military judges and counsel to ensure that complete pleas are entered in all cases.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the finding of guilty of Charge V Specification 1 is set aside and the specification is dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

John T. Ure
Clerk of the Court