Whitaker, Judge,
delivered the opinion of the court:
This is a suit by an enlisted man in the Navy for pay and allowances between the date of the expiration of his term of enlistment, December 16,1939, and the date he reenlisted, December 28, 1939, during which time he was detained by the Navy in the Naval Hospital at Washington, D. C., for examination and treatment.
On December 14, 1939 he reported for physical examination preliminary to being discharged from his then current term of enlistment. In the opinion of the examining physicians at that time, he was suffering with a disease known as glycosuria, but he was sent to the Naval Hospital at Washington for further examination and treatment.
On December 22,1939, six days beyond the termination of his term of enlistment, his disease was diagnosed as diabetes mellitus. He was not then discharged, however, but was further detained until December 28,1939, when he reenlisted for a term of six years.
It is, of course, true that the plaintiff is not entitled to pay and allowances beyond the end of his term of enlistment unless there is statutory authority therefor.
Section 181 of title 34 of the United States Code provides for enlistments in the Navy for terms of two, three, four, and six years, but it has been true as long as we have had a Navy that an enlisted man continues subject to military discipline until discharged, even though the date of his discharge is postponed beyond the termination of his term of enlistment. He may not leave the service until discharged. One reason for this is illustrated by section 183 of title 34 of the United States Code, which provides that an enlistment is not complete until the enlisted man shall have made good time lost on account of injury, sickness, or disease resulting from his own misconduct. Before a man may leave the military service the proper authorities must determine that he is entitled to do so. Until they do make this determination, his enlistment is not complete.
Section 201 of title 34 of the United States Code, B. S. sec. 1422, as amended, furnishes statutory authority for retaining an enlisted man in the Navy beyond the termination date of his enlistment, under some circumstances. This *347 section requires the enlisted man’s commanding officer to send him ashore when his time of enlistment has expired, if he so requests, in order that he may be discharged; but this is not an absolute requirement. He must be sent ashore at the termination of his enlistment, “or as soon thereafter as may be.” The requirement is further qualified by authorization to the commanding officer to retain him for a longer period if he should be of opinion that his retention is “essential to the public interests.” In such case he may be detained until the vessel returns to the proper port. Nor must he be discharged immediately upon arrival in port. It is provided that “all persons so detained by such officer * * * shall in no case be held in service more than thirty days after their arrival in said port.” By implication the commanding officer may detain the enlisted man for as long as thirty days after the vessel has returned to the proper port.
The section provides that during such detention the enlisted man “shall be subject in all respects to the laws and regulations for the government of the Navy.” And it further provides that they “shall receive for the time during which they are so detained * * * an addition of one-fourth of their former pay * * *.”
There is no absolute obligation upon the military authorities to discharge a man as soon as his term of enlistment has expired.
It is a necessary preliminary to his discharge that the man be physically' examined. This is for the reason that men contracting injury or disease in line of duty are entitled under the law to pensions or compensation; hence, before a man leaves the service it must be determined whether or not he is suffering from a disability entitling him to a pension. The plaintiff reported for this examination. It was discovered that he was suffering from some disease which the doctors at first diagnosed as glycosuria; but evidently they were in some doubt about this diagnosis because they sent him to a hospital for further examination. He remained there for six days beyond the termination of his period of enlistment, when, after further examination, they came to the conclusion that he was suffering from diabetes mellitus.
*348 Having determined that he was disabled, it was their further duty to determine whether or not this disability had been incurred in line of duty, for the purpose of determining whether or not the man was entitled to a pension.
The plaintiff was further detained for six more days, until December 28, 1939, when, at his request, his disability was waived and he reenlisted. Whether this further detention was for further examination, or for determining whether or not the disease had been contracted in line of duty, or for treatment, does not appear.
According to the custom and laws of the military service, plaintiff’s superior officers had a right to detain him; his term of enlistment did not expire until he was discharged. So long as his enlistment had not expired, he was entitled to the pay and allowances provided for his grade.
The Comptroller of the Treasury on December 4, 1919 (26 Comp. Dec. 447) held that an enlisted man, detained for treatment at a hospital after the expiration of his enlistment, was entitled to pay and allowances until the date of his actual discharge. This was based upon a Navy regulation (Article 1190 (4), U. S. Navy Eeg. 1920, as amended by C. N. R. No. 3), which provided that enlisted men so held are held for the convenience of the Government. This continued to be the practice for twenty years, until August 26, 1939, when the Comptroller General reversed the former holdings and held that an enlisted man so held was being held “primarily for the benefit of the man concerned,” and that, therefore, he was not entitled to pay and allowances during such period (19 Comp. Gen. 290). When this decision was announced the Secretary of War, the Secretary of the Navy, and the Secretary of the Treasury recommended the passage of an Act to provide for pay and allowances where a man was detained in a hospital for treatment after the expiration of the period of his enlistment, and this Act was passed by Congress and approved by the President on December 12, 1941 (S. 165, 77th Cong., 1st Sess.) (55 Stat. 797).
Retention for treatment is not only for the benefit of the man concerned, but it is also for the benefit of the *349 ■Government. Treatment may correct the disease and save the Government from liability for a pension. Since his enlistment did not expire until discharged, it must follow that he is entitled to pay and allowances until discharged. Plaintiff was retained both for treatment and examination. We are satisfied that the Navy had the right to retain him for such a purpose, and for the time so retained we are satisfied he is entitled to his pay and allowances.
It has been agreed that if the plaintiff is entitled to recover at all, he is entitled to recover the sum of $45.10. We think he is entitled to recover, and judgment will be entered for this sum. It is so ordered.
Madden, Judge; Jones, Judge; Littleton, Judge; and Whalet, Chief Justice, concur.