UNITED STATES, Appellee

v.

Larry A. OLIVER, Staff Sergeant
U.S. Marine Corps Reserve, Appellant

No. 02-0084

Crim. App. No. 200000659

United States Court of Appeals for the Armed Forces

Argued May 1, 2002

Decided August 22, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, and BAKER, JJ., joined. SULLIVAN, S.J., filed an opinion concurring in the result.


Counsel

For Appellant: Lieutenant Colonel Dwight H. Sullivan, USMCR (argued); Commander George F. Reilly, JAGC, USN (on brief).

For Appellee: Commander Paul Jones, JAGC, USNR (argued); Colonel R. M. Favors, USMC (on brief); Lieutenant Jason A. Lien, JAGC, USNR.

Military Judge: C. R. Zelnis

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Chief Judge CRAWFORD delivered the opinion of the Court.

Appellant was tried by a special court-martial composed of officer and enlisted members and, contrary to his pleas, was found guilty of three specifications of fraud against the United States, in violation of Article 132, Uniform Code of Military Justice (UCMJ), 10 USC § 932. Specification 2 of the Charge failed to allege that appellant was on active duty at the time of the offense. The other two specifications alleged appellant committed the offenses while on active duty. All three specifications alleged that appellant's criminal activity transpired "on or about 29 September 1997."

The convening authority approved the sentence of a bad-conduct discharge, confinement for thirty days, and reduction to E-1. The Navy-Marine Corps Court of Criminal Appeals accepted the Government's concession that Specifications 1 and 2 were multiplicious and dismissed Specification 1, affirmed the findings of guilty of the remaining two specifications, and upon reassessment, affirmed the adjudged and approved sentence. 55 MJ 763, 772 (2001). We granted review of the following issue:

> WHETHER, IN A CONTESTED COURT-MARTIAL OF A
> RESERVIST, THE GOVERNMENT MUST PROVE
> SUFFICIENT FACTS TO ESTABLISH SUBJECT MATTER
> JURISDICTION OVER THE ALLEGED OFFENSE.

We hold that appellant was subject to military jurisdiction.

2

FACTS

Appellant, a member of the Marine Corps Reserve, had a total of about 18 years of combined active and reserve service as of the date of trial. On August 25, 1997, he reported for a period of active duty at Camp Lejeune, North Carolina. That duty was to continue until September 27, 1997. Appellant checked into the Bachelor Enlisted Quarters (BEQ) on August 25 and stayed there until September 7. On September 11, he checked back into the BEQ and remained there until September 29.

On September 29, 1997, appellant filed a travel claim for his period of active duty. The Court of Criminal Appeals found the following with respect to the travel claim:

> In doing so, he claimed $1,888.00 for lodging expenses and attached a supporting receipt indicating that he stayed at a nearby hotel from 23 August until 11 September. It was apparent that the computer-generated hotel receipt had been altered by hand in several significant aspects: the middle initial of the name of the patron was written as "A," the month of arrival was written as "Aug," the date of departure was written as "11 Sept," and the room rate was written as "1888.00." Thus, as altered, the receipt indicated that a Laurence A. Oliver from York, PA stayed at the hotel from 23 August 1997 until 11 September 1997 and incurred charges totaling $1,888.00. The receipt was also computer-printed with this notation: "(DUPLICATE)." Prosecution Exhibit 6, page 1.
>
> Officials at the disbursing office reviewed the claim package and notified the Naval Criminal Investigative Service (NCIS) of these apparent irregularities. Special Agent Ball was assigned to the investigation. He testified that during an interrogation of 28 October 1997, he advised the

appellant that he was suspected of forgery, false official statement and fraud, advised him of his rights and obtained a waiver. During the subsequent conversation, the appellant admitted that: (1) he was on active duty, (2) he did not stay at the hotel, (3) he made the marks on the hotel receipt, and (4) ... he submitted the travel claim. He also explained that the marks on the receipt were a mistake. When asked if he would put that information in writing, the appellant refused, and asked to speak to a lawyer. The interrogation ended at that point.

A front desk manager from the hotel testified that a Lawrence T. Oliver stayed there for three nights in June 1997 but that, after checking their records for the last two years, a Larry A. Oliver had never stayed there. She also testified that hotel employees don't normally write on the receipts, but that if they do, they would always initial that handwriting. In response to a member's question, she added that the hotel does not ask for identification if somebody requests a copy (or duplicate) of a receipt. If somebody asks for a receipt copy, one is provided.

55 MJ at 765-66.

At the beginning of the trial, the trial counsel represented to the court that the charges were properly referred. When the judge asked if appellant had been "involuntarily extended on active duty," the trial counsel noted that appellant was on "medical hold" and would not "be allowed to terminate his active duty" until the medical problems cleared up. There was no objection or clarification by the defense. During his opening statement, the trial counsel asserted that appellant was "a reservist who had been on active duty orders...." The defense counsel also admitted in his opening

4

statement that appellant was on active duty and "continues on active duty as a reservist here today."

Corporal Nichole M. Martin testified that when a reservist comes on active duty and government quarters and meals are not provided, he or she is entitled to full per diem. In this case, appellant was authorized full reimbursement until September 30, 1997.

Unchallenged medical documentation submitted on appeal in response to appellant's jurisdictional challenge indicates that appellant was extended on active duty past September 28, 1997, for medical observation and treatment, and that this extension continued well past September 29, 1997.

During his closing argument, the prosecutor argued that appellant was on active duty at least up until October 28, 1997. This was not contradicted by any evidence at trial.

## DISCUSSION

> The Constitution grants to Congress the power "[t]o make Rules for the Government and Regulation of the land and naval Forces." U.S. Const., Art. I, § 8, cl. 14. Exercising this authority, Congress has empowered courts-martial to try servicemen for the crimes proscribed by the UCMJ[.]

Solorio v. United States, 483 U.S. 435, 438 (1987). Such a trial requires both in personam and subject matter jurisdiction, in addition to a properly constituted, see, e.g., United States v. Schneider, 38 MJ 387, 393 (CMA 1993), and referred court-

5

martial.  Article 2, UCMJ, 10 USC § 802, addresses subject matter jurisdiction, and Article 2(a)(1) indicates that servicemembers such as appellant, who are "lawfully called or ordered into, or to duty in or for training in, the armed forces," are subject to jurisdiction.  RCM 204(b)(1), Manual for Courts-Martial, United States (2000 ed.),[*] provides that a "reserve component" servicemember who is "on active duty prior to arraignment" is subject to court-martial jurisdiction.

Appellant's jurisdictional argument rests on his belief that his status as an individual subject to court-martial jurisdiction is an element of Article 132, supra.  However, the beginning language of Article 132 -- "[a]ny person subject to this chapter" -- does not establish an element of the offense but, rather, sets forth the baseline for jurisdiction under the UCMJ common to all offenses.  Historically, the Manuals for Courts-Martial have not treated the "[a]ny person subject to this chapter" language as an element of the offense.  Similarly, the Military Judges' Benchbook, Dept. of the Army Pamphlet 27-9 (1 April 2001 and 30 Sept. 1996), does not include such an instruction.  This longstanding practice underscores the fact that Congress set forth the "any person" language as a basic

---

[*] This provision is identical to the one in effect at the time of appellant's court-martial.

jurisdictional prerequisite, not as an element of a particular offense or offenses that are not peculiarly military.

Jurisdiction is an interlocutory issue, to be decided by the military judge, with the burden placed on the Government to prove jurisdiction by a preponderance of the evidence. See United States v. McDonagh, 14 MJ 415, 422, 424 (CMA 1983)(Everett, C.J.; Cook, J., concurring in part); see also United States v. Laws, 11 MJ 475, 476-77 (CMA 1981)(Cook, J.; Everett, C.J., concurring in the result); see also 1 Francis A. Gilligan and Fredric I. Lederer, Court-Martial Procedure § 2-52.10 at 85 (2d ed. 1999)("the government has the burden of proving jurisdiction on a preponderance basis").

When appellant challenged the jurisdiction of the court-martial at the Court of Criminal Appeals, the Government recognized its burden and filed a Motion to Attach appellant's medical records to demonstrate that he was continued on active duty in a "medical hold" status beyond the expiration of his active duty orders. Medical hold is a valid reason for extending the active duty of a reservist, or any servicemember, and entitles him or her to the full pay and benefits of being on active duty. See In the Matter of First Lieutenant Larry R. Hughes, USMCR, 567 Comp.Gen. 451 (1978); Peiffer v. United States, 96 Ct.Cl. 344 (1942); 10 USC § 1074a(a); DoD Dir. 1241.1, Reserve Components Incapacitation Benefits (Dec. 3,

1992); SECNAVINST 1770.3C, Management and Disposition of Incapacitation and Incapacitation Benefits for Members of Navy and Marine Corps Reserve Components (Apr. 3, 2002). The medical records submitted clearly indicate that appellant was retained on active duty beyond the expiration of his orders and, therefore, establish that the court-martial possessed subject matter jurisdiction over the offense.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Oliver, No. 02-0084/MC

SULLIVAN, Senior Judge (concurring in the result):

Preliminarily, I note that the premise of appellant's argument in this case is that his status as a person subject to the Uniform Code of Military Justice at the time of the offense was an element of the offense for which he was found guilty. See United States v. McDonagh, 14 MJ 415, 422 (CMA 1983) (Everett, C.J.); United States v. Ornelas, 2 USCMA 96, 6 CMR 96 (1952). No legal authority has been provided for appellant's premise, but instead, it is based on his view of language in Article 132, UCMJ. His view of this statute is not supported by the President's explanation of this offense in paragraph 58, Part IV, Manual for Courts-Martial, United States (1998 ed.), and paragraph 211, Manual for Courts-Martial, United States, 1969 (Rev. ed.) and 1951, nor by our case law. See United States v. Steele, 2 USCMA 379, 9 CMR 9 (1953); United States v. Perry, 45 MJ 339 (1996); cf. United States v. Prentiss, 256 F.3d 971, 981-85 (10th Cir. 2001).

With regard to the substance of the jurisdictional issue before us, my view is that the undisputed facts in the record decide this case. Trial counsel, defense counsel, and appellant all clearly indicated on the record that appellant was a reservist on active duty (by reason of a medical hold) at the time of the offenses and at the time of the trial. (R. 42, 99, 101, 189, 191-92) Accordingly, this record was sufficient to

United States v. Oliver, No. 02-0084/MC

establish court-martial jurisdiction.  See United States v. Wilson, 53 MJ 327, 329-30 (2000); United States v. Self, 13 MJ 132, 135 (CMA 1982); see generally United States v. Meadows, 13 MJ 165, 168 n.4 (CMA 1982).  The post-trial evidence submitted by the Government, and uncontroverted by appellant, reaffirms this point.