# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

**v.**

**JARED H. SULLIVAN**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS RESERVE**

**NMCCA 201400071**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 25 October 2013.
**Military Judge:** CDR R.P. Monahan, Jr., JAGC, USN.
**Convening Authority:** Commander, 4th Marine Division, Marine Forces Reserve, New Orleans, LA.
**Staff Judge Advocate's Recommendation:** LtCol E.R. Kleis, USMC.
**For Appellant:** LtCol Richard Belliss, USMCR.
**For Appellee:** LCDR Keith Lofland, JAGC, USN; Capt Suzanne Dempsey, USMC.

**29 May 2014**

---
**OPINION OF THE COURT**
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of making a false official statement and nine specifications of larceny in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921. The military judge sentenced the appellant to confinement for

eleven months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence, but suspended all confinement in excess of time already served as an act of clemency.

Though the appellant submitted this case without assignment of error, we noticed a discrepancy between the referral block on the charge sheet and the convening order. Specifically, the charges were referred by the Commander, 4th Marine Division, but the convening order contained in the record was signed by the commanding officer of Headquarters Battalion, 4th Marine Division-a subordinate unit. We ordered the Government to either produce a convening order signed by the Commanding General or Commander, 4th Marine Division, or show cause why the findings and sentence should not be set aside for lack of jurisdiction.[1]

Having reviewed the record and the Government's response to our show cause order, we conclude that the charges and specifications were improperly referred. Consequently, we set aside the findings and sentence for lack of jurisdiction.

## Factual Background

The CA in this case signed block V on the charge sheet referring the subject charges and specifications to trial by special court-martial convened by "SPCMCO #1-13" dated 12 March 2013. Block V lists his capacity to sign as "Commanding" and the designation of his command as 4th Marine Division. There are no special instructions listed in block V.

When reciting the jurisdictional data, the trial counsel announced the following:

> This court-martial is convened by Colonel [JLG] by Special Court-Martial Convening Order 1-13, dated 12 March 2013 . . . . and [the charges] have been properly referred to this court-martial for trial by Colonel [JLG], the Convening Authority. Colonel [JLG] was in command on the date of referral; he is normally the Chief of Staff.

Record at 2.

---

[1] The Government responded to our Order on 7 April 2014. The appellant declined our invitation to submit a response.

2

SPCMCO 1-13 contained in the record lists "Headquarters Battalion, 4th Marine Division" on the letterhead and is signed by Lieutenant Colonel VHF as the commanding officer.  The record contains no modification or separate convening orders and the trial counsel stated that "There are no modifications or corrections to the convening order."  *Id.*

Immediately after trial on 25 October 2013, civilian defense counsel submitted a clemency request addressed to the "Commanding General, 4th Marine Division."  Colonel [JLG] approved the request by written endorsement that same date, signing as the Commander, 4th Marine Division.

During the post-trial processing of the case, the trial counsel addressed the 25 October 2013 Results of Trial and the 15 January 2014 Modified Results of Trial to the "Commander, 4th Marine Division, Convening Authority"; however, both the Staff Judge Advocate's Recommendation (SJAR) and the Addendum to the SJAR were addressed to "Commanding Officer, Headquarters Battalion, 4th Marine Division."  Special Court-Martial Order Number 12-2013, Colonel JLG's action in this case, lists "Headquarters Battalion, 4th Marine Division" on the letterhead, recites "at a special court-martial, convened by Commanding Officer, Headquarters Battalion, 4th Marine Division" in the initial paragraph, and displays the title "Commanding Officer" beneath Colonel JLG's signature.

Thus, the record reflects that the CA referred charges to a court-martial convened by a subordinate commander.  On 27 March 2014, we ordered the Government to produce a copy of SPCMCO 1-13 dated 12 March 2013 issued by the Commanding General or Commander, 4th Marine Division, or show cause why we should not set aside the findings and sentence for lack of jurisdiction. On 7 April 2014, the Government responded.  Citing *United States v. Wilkins*, 29 M.J. 421 (C.M.A. 1990), the Government acknowledged that no such convening order signed by Colonel JLG or his predecessor in command existed; however, the record amply demonstrated Colonel JLG's intent to adopt SPCMCO 1-13 convened by his subordinate commander.

**Analysis**

Jurisdiction is a legal question that we review *de novo*. *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006).  The Government carries the burden of proving jurisdiction by a preponderance of the evidence.  *United States v. Oliver*, 57 M.J. 170, 172 (C.A.A.F. 2002).  "Jurisdiction depends upon a properly

convened court, composed of qualified members chosen by a proper convening authority, and with charges properly referred." *United States v. Adams*, 66 M.J. 255, 258 (C.A.A.F. 2008). Proper referral requires three elements: (1) an authorized convening authority, (2) receipt of preferred charges by the convening authority, and (3) "a court-martial convened by that convening authority or a predecessor (*see* R.C.M. 504)." RULE FOR COURTS-MARTIAL 601(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Discussion. We are concerned here with the third element.

"The power to convene courts-martial may not be delegated." R.C.M. 504(b)(4). In *United States v. Ryan*, 5 M.J. 97, 101 (C.M.A. 1978), the Court of Military Appeals definitively held that "if the convening authority cannot delegate the power to appoint a court-martial, then the convening authority cannot delegate the power to appoint, or detail the court members . . . ." This holding makes sense in light of Article 25, UCMJ, which requires a CA to personally select court-martial members who are "best qualified" for that duty.

Here, contrary to the Government's assertion, there is no indication in the record that Colonel JLG intended to adopt those members detailed by SPCMCO 1-13 as his own. Furthermore, despite the Government's reliance on *Wilkins*, we are unconvinced that such an adoption could suffice.[2] A CA may adopt a court-martial convened by a predecessor in command. R.C.M. 601(b). But no authority allows a superior commander to adopt a panel convened by a subordinate even though the latter may possess the same authority to convene a court-martial.

There lies a substantial difference between adopting a convening order promulgated by a predecessor in one's own office and delegating the power to convene a court-martial to a subordinate. The former is permissible; the latter is not. That is because the power to convene a court-martial is vested in an office, not a person. *United States v. Bunting*, 15 C.M.R. 84, 87 (C.M.A. 1954).

The outcome may differ if the record indicated that Colonel JLG personally selected the members appearing on SPCMCO #1-13 despite the fact that the written order is signed by Lieutenant

---

[2] In *Wilkins*, the Court of Military Appeals held that a CA's entry into a pretrial agreement whereby Sergeant Wilkins agreed to plead guilty to an uncharged offense operated as a constructive referral of that offense sufficient for court-martial jurisdiction. 29 M.J. at 424. We do not view *Wilkins* to be read so broadly as to hold that a CA may constructively adopt a panel convened by a subordinate commander.

4

Colonel VHF.  *See United States v. Allgood*, 41 M.J. 492, 496 (C.A.A.F. 1995) (recognizing that the CA had personally evaluated and selected the members when deciding to adopt his predecessor's convening order).  But in the absence of any such indication, we find error.  We do not test this error for prejudice because it is a jurisdictional defect in the court-martial.  *See Adams*, 66 M.J. at 258 (noting that a court-martial composed of members who were never detailed by the CA is improperly constituted and the findings must be set aside as invalid) (citing *McClaughry v. Deming*, 186 U.S. 49, 63-65 (1902)); *Ryan*, 5 M.J. at 101 (declining to test for prejudice even though the appellant chose trial by judge alone because delegation of member selection was a jurisdictional defect).

## Conclusion

The findings and sentence are set aside and the charges and specifications are dismissed without prejudice.  The record of trial is returned to the Judge Advocate General of the Navy for forwarding to an appropriate CA for further disposition not inconsistent with this opinion.  An "other" trial under R.C.M. 1107(e)(2) is authorized.

For the Court

R.H. TROIDL
Clerk of Court