# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant CHARLES B. EICHELBERGER
**United States Air Force**

## ACM 38318

## 1 August 2014

Sentence adjudged 14 December 2012 by GCM convened at Little Rock Air Force Base, Arkansas. Military Judge: Natalie D. Richardson.

Approved Sentence: Dishonorable discharge and reduction to E-1.

Appellate Counsel for the Appellant: Captain Isaac C. Kennen and Captain Lauren A. Shure.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WEBER, Judge:

A panel of officer members convicted the appellant, contrary to his pleas, of the following violations of Articles 123a and 134, UCMJ, 10 U.S.C. §§ 923a, 934: five specifications of wrongfully and unlawfully making and uttering checks without sufficient funds, two specifications of dishonorably failing to pay a debt, and one specification of engaging in a scheme to defraud a financial institution insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 1344. The members acquitted the appellant of several additional specifications alleging various forms of financial misconduct. The members sentenced the appellant to a dishonorable discharge, reduction to E-1, and restriction to base and hard labor without confinement for specific

periods. The convening authority approved only the punitive discharge and reduction to E-1.

The appellant raises five issues on appeal: (1) whether the record supports a finding that the court-martial had personal jurisdiction over the appellant; (2) whether the military judge erred by instructing the members that the terminal element for two Article 134, UCMJ, specifications was charged in the disjunctive; (3) whether the conviction as to one specification of failing to pay debts is legally insufficient; (4) whether the conviction for defrauding a financial institution is legally insufficient; and (5) whether the military judge erred by failing to instruct the members as to the elements of attempting to defraud a financial institution. Finding no error materially prejudicial to a substantial right of the appellant, we affirm.

*Background*

The appellant engaged in significant financial misconduct over the course of several months in 2011 and 2012. He wrote checks to five different people or entities against a bank account that had been closed several months earlier. He also opened a bank account at another institution by depositing checks written to himself on his closed account. The appellant was evicted from his off-base apartment for failing to pay his rent, and left his debt unpaid for several months until his mother satisfied his obligation. He failed to pay another debt owed on his Military Star Card for about two months. Further facts relevant to each assignment of error are discussed below.

*Jurisdiction*

The charge sheet reflected that the appellant's most recent enlistment began on 26 June 2006 for a period of five years. Charges were preferred on 17 October 2012, more than three months after this five-year period expired. Trial defense counsel did not challenge the court-martial's jurisdiction, but during the members' deliberation in findings, the military judge noted this issue. When the military judge asked counsel about this matter, trial defense counsel stated that either the appellant's enlistment had been extended by nine months (until March 2012) or that the appellant's date of separation was scheduled for June 2013. Despite the military judge's direction that this issue would be revisited, no further explanation was provided on the record.

We review questions of jurisdiction de novo. *See United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F. 2009). "Jurisdiction is an interlocutory issue, to be decided by the military judge, with the burden placed on the Government to prove jurisdiction by a preponderance of the evidence" when it is challenged at trial. *United States v. Oliver*, 57 M.J. 170, 172 (C.A.A.F. 2002). *See also* Rule for Courts-Martial (R.C.M.) 905(c)(2)(B).

"Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment" are subject to court-martial jurisdiction. Article 2(a)(1), UCMJ, 10 U.S.C. § 802(a)(1). "It is black letter law that *in personam* jurisdiction over a military person is lost upon his discharge from the service, absent some saving circumstance or statutory authorization." *United States v. Howard*, 20 M.J. 353, 354 (C.M.A. 1985). The mere expiration of a period of enlistment, alone, does not alter an individual's status under the UCMJ. *United States v. Hutchins*, 4 M.J. 190, 191 (C.M.A. 1978). Once attached, personal jurisdiction over the member continues until it is terminated through a proper discharge. *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006).

The appellant did not challenge the court-martial's jurisdiction at trial, even after the military judge noted the issue of the apparent expiration of the appellant's enlistment. In fact, trial defense counsel volunteered a belief that the appellant's date of separation had been extended until well after the court-martial. The appellant has supplied no reason to believe that he had been discharged before his court-martial. In addition, the Government successfully moved on appeal to attach documents that support trial defense counsel's belief that the appellant's date of separation had been extended until June 2013. We therefore find no reason to question the court-martial's jurisdiction over the appellant.

*Military Judge's Instructions Concerning Article 134, UCMJ, Specifications*

The Government charged the appellant with four specifications of making and uttering worthless checks (dishonorably failing to maintain sufficient funds), and four specifications of dishonorably failing to pay a debt, all in violation of Article 134, UCMJ. The members convicted the appellant of just two specifications of dishonorably failing to pay a debt. The appellant challenges the correctness of the military judge's instructions on these two specifications.

Both specifications alleged the appellant's actions were both to the prejudice of good order and discipline in the armed forces *and* were of a nature to bring discredit upon the armed forces. However, for both specifications the military judge instructed the members that the Government only need prove one aspect of the terminal element. The record of trial does not reveal the reason for the military judge's instructions, but it is apparent that both parties anticipated this instruction. The Government's closing argument focused on only the service-discrediting aspect of the terminal element, while trial defense counsel argued to the members:

> The charges are written as being prejudicial to good order and discipline and service discrediting. As you will notice in the judge's instructions, if it's found beyond a reasonable doubt that it was one or the other of the criminal elements, it doesn't have to be both but it has to be dishonorable.

Trial defense counsel did not object to the military judge's instructions on this point.

"The question of whether the members were properly instructed is a question of law" we review de novo. *United States v. Payne*, 73 M.J. 19, 22 (C.A.A.F. 2014). However, where counsel fails to object to an instruction at trial, we review the military judge's instruction for plain error. *Id.*; *United States v. Tunstall*, 72 M.J. 191, 193 (C.A.A.F. 2013); R.C.M. 920(f).

We find no plain error in the military judge's instruction informing the members they may convict the appellant if they determined either aspect of the terminal element was satisfied. The *Manual for Courts-Martial* specifies the elements of the general article:

    (1) That the accused did or failed to do certain acts; and
    (2) That, under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces *or* was of a nature to bring discredit upon the armed forces.

*Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 60.b. (2012 ed.) (emphasis added). Therefore, the *Manual* only requires proof of either clause of the terminal element, not both.

Our colleagues on the Navy-Marine Corps Court of Criminal Appeals held in a similar case that "[i]t was proper for the military judge to instruct in the disjunctive even though the offense was charged in the conjunctive because Article 134 itself is worded in the disjunctive." *United States v. Gifford*, NMCCA 201200169, unpub. op. at 5 (N.M. Ct. Crim. App. 14 February 2013), *pet. denied*, 72 M.J. 457 (Daily Journal 2 August 2013). The court noted that an important distinction exists between an element of a crime, as opposed to a method of committing the crime. *Gifford*, unpub. op. at 4. The members may be instructed in the disjunctive if the fact at issue deals with a method of committing the crime as opposed to an actual element of the crime. *United States v. Brown*, 65 M.J. 356, 359 (C.A.A.F. 2007). In *Gifford*, the court relied on its earlier conclusion that the terminal element is composed of merely different theories of liability, not separate criminal elements. *Gifford*, unpub. op. at 5. *See also United States v. Miles*, 71 M.J. 671, 673 (N.M. Ct. Crim. App. 2012), *pet. denied*, 72 M.J. 257 (Daily Journal 19 August 2013).

We agree with our sister court and hold that the military judge did not commit plain error in instructing the members in the disjunctive. Our superior court has recently stressed the distinct nature of the terminal element of Article 134, UCMJ; however, the Court declined to overturn the Navy-Marine Corps court's approach and has consistently referred to the terminal element clauses as theories of liability rather than separate criminal elements. *See United States v. Goings*, 72 M.J. 202, 208 (C.A.A.F. 2013)

(finding no prejudice to the appellant caused by the Government's failure to allege the terminal element in part because the appellant "defended himself against those theories of guilt."); *Tunstall*, 72 M.J. at 197 (finding no prejudice to the appellant in a similar situation because the defense "introduced evidence for the specific purpose of negating both theories of the terminal element of Article 134, UCMJ."); *United States v. Medina*, 66 M.J. 21, 25 (C.A.A.F. 2008) (quoting *United States v. Sapp*, 53 M.J. 90, 92 (C.A.A.F. 2000)) (finding the clauses of the terminal element "'do not create separate offenses. Instead, they provide alternative ways of proving the criminal nature of the charged misconduct.'"). The military judge committed no plain error in instructing the members that they may convict the appellant based on either theory of criminal liability.

The appellant nonetheless cites *United States v. Gaskins*, 72 M.J. 225, 234 (C.A.A.F. 2013), for the following proposition:

> The military judge instructed the members in the disjunctive, telling them that they could find Appellant guilty of the Article 134, UCMJ, specifications if they concluded that Appellant's conduct was either prejudicial to good order and discipline or service discrediting. Under these circumstances, both Appellant and this Court lack knowledge of a matter of critical significance—namely, on which theory of criminality Appellant was tried and convicted . . . .

We reject the contention that *Gaskins* reveals plain error in the military judge's instruction. Our superior court's statement in *Gaskins* came in the context of a case in which the Government failed to allege the terminal element on the charge sheet. 72 M.J. at 232. The court simply noted the military judge's instructions could not supply the notice missing from the charge itself, because the instructions failed to inform the appellant of which clause the Government was alleging he violated. *Id.* at 233–34. Here, the Government properly alleged the terminal element on the charge sheet and therefore no notice concern is present.

*Legal Sufficiency*

Charge III, Specification 6, alleged the following:

> In that [the appellant], being indebted to Rector Phillips Morse, Inc. in the sum of approximately $1,580.86 for past due obligations, which amount became due and payable on or about 24 November 2011, did, within the continental United States, from on or about 24 November 2011 to on or about 26 July 2012, dishonorably fail to pay said debt and that such conduct, under the circumstances, was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

The members found the appellant: "Guilty, except the words '24 November' substituting therefor the words '1 December,' except the words '26 July' substituting therefor the words '25 July,' of the excepted words: Not Guilty, of the substituted words: Guilty."

The appellant alleges the members' finding created a legally insufficient conviction on this specification. He reasons that the members' exceptions and substitutions applied only to the first reference to "24 November" in this specification, but not the second. Under the appellant's reading, the members found that his debt became due and payable on or about 1 December 2011, but they then found that he failed to pay the debt starting on or about 24 November 2011.

We reject the appellant's assertion. The members' finding excepted the words "24 November" without limitation. There is no reason to believe this modification applied to one reference to "24 November," but not the other. Therefore, the members found the debt became due and payable on or about 1 December 2011, and starting on or about this same date the appellant failed to pay the debt. There is nothing legally insufficient about this finding.

*Charging in the Disjunctive*

The appellant next alleges that his conviction of Charge III, Specification 9, is legally insufficient because the specification was alleged in the disjunctive, and the appellant's guilt was adjudged accordingly. The specification reads:

> In that [the appellant], did, within the continental United States, between on or about 9 March 2012 and on or about 14 March 2012, with intent to defraud Bank of America, N.A., knowingly execute *or* attempt to execute a scheme to defraud Bank of America, N.A., a financial institution and obtain the moneys, funds, or credits under the custody and control of Bank of America, N.A., by means of material false or fraudulent representations and, at the time, the said financial institution was then insured by the United States Government Federal Deposit Insurance Corporation, in violation of Title 18, U.S. Code Section 1344, a crime not capital.

(emphasis added). The appellant alleges the conviction under this specification is legally insufficient because it fails to specify whether he knowingly executed the scheme or merely attempted to execute the scheme.

The appellant did not move to dismiss this charge and specification at trial, move for a bill of particulars, or otherwise object to its wording. We review questions of legal

sufficiency under a de novo standard. *United States v. Cimball Sharpton*, 73 M.J. 299, 301 (C.A.A.F. 2014). We also normally review the question of whether a specification is defective under a de novo standard. *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012). However, when an appellant alleges for the first time on appeal that a specification fails to state an offense, we review the specification for plain error. *Id.* at 34 (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Under a plain error analysis of alleged defective specifications, the "[a]ppellant has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011).

We find no plain error in this specification. Military courts may disfavor charging in the disjunctive, but there is no outright prohibition on doing so. "While charging in the disjunctive is disfavored, under Article 134, it does not automatically render the specification fatally defective." *Miles*, 71 M.J. at 673 (footnote omitted).[*] Even assuming the specification presented plain or obvious error, no material prejudice to a substantial right of the accused resulted. "[I]n the plain error context the defective specification alone is insufficient to constitute substantial prejudice to a material right." *United States v. Humphries*, 71 M.J. 209, 215 (C.A.A.F. 2012) (citing *Puckett v. United States*, 556 U.S. 129, 142 (2009); *Cotton*, 535 U.S. at 631–32). The appellant argues he has been prejudiced because this Court cannot determine whether he was convicted of executing the scheme or merely attempting to do so. We disagree. The record of trial makes clear the Government demonstrated the appellant actually executed the scheme in question. The evidence demonstrated the appellant successfully opened an account with Bank of America by funding it with checks from a closed account, and thereby obtained money. In addition, the two legal theories of a completed scheme to defraud and an attempted scheme to defraud are sufficiently similar that we see no possibility of a lack of notice to the appellant, particularly under these facts. We find no plain error in the language of the specification, and the appellant's conviction is legally sufficient.

---

[*] The appellant mistakenly relies on *United States v. Autrey*, 30 C.M.R. 252 (C.M.A. 1961), for the proposition that charging in the disjunctive is per se error. In *Autrey*, the Court stated: "It is settled law that an offense may not be charged in the conjunctive or the disjunctive. In such instances, the charge is void for lack of certainty." *Id.* at 253 (citations omitted). Despite this broad language, *Autrey*'s holding reflects a more narrow, fact-specific position based on a determination of whether the specification properly placed the accused on notice of the charge against him, whether it protected the accused against further prosecution for the same cause, and whether it adequately guided the Court in determining the accused's guilt or innocence. *Id.* at 253–54. Thus, where the Government charged the appellant with wrongfully appropriating "money and/or property," the Court held that the specification was not sufficient because the "abominable combination of a conjunctive and a disjunctive" rendered it unclear exactly what the appellant was alleged to have wrongfully appropriated. *Id.* at 254. We agree that the Government could have chosen more precise language in this specification. *See* Rule for Courts-Martial 307(c)(3). However, we see no cause for concern that the appellant lacked notice of the charge against him, is unprotected against further prosecution for the same act, or that the members lacked sufficient guidance in determining his guilt or innocence.

*Military Judge's Instructions*

Finally, the appellant argues the military judge erred in failing to instruct the members on the attempt component of the specification noted immediately above. He asserts the military judge should have instructed the members on the elements of *attempt* concerning this offense rather than merely instructing the members concerning a completed scheme to defraud the bank.

As noted in the issue above concerning the military judge's instructions on other specifications under this charge, our standard of review is plain error because the appellant lodged no objection to the military judge's instructions. We find no such plain error. The military judge's instructions accurately informed the members that the appellant could be convicted of this offense whether he executed the scheme or merely attempted to do so, and the military judge's instructions contained no erroneous statement of the law. Even assuming the military judge's instructions constituted plain or obvious error, we see no possibility of material prejudice to a substantial right of the appellant.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court